MURPHY *against* THE PEOPLE.

The 4th section of the act declaring the powers and duties of justices of the peace, (2 R L. 507, 8,) and creating a special session for the trial of petit larceny without a jury, is not contrary to any provision in the constitution of the United States or of this state.

CERTIORARI to a Court of Special Sessions of Otsego county. The return stated (among other things) that on the 27 July, 1823, Murphy was brought before Ariel Thayer, one of the Justices of the Peace of Otsego county, on a charge of petit larceny; and, upon his examination and the testimony of the prosecutor, was committed to jail for want of bail to appear at the next Court of General Sessions.

NEW YORK, May, 1824.

Murphy v. The People.

On the 29th day of July, and more than 48 hours after the commitment, the Justice certified the cause thereof to Elisha Foote and David Lent, Esquires, Justices of the same county, and required them to associate with him for the trial of Murphy, according to the provisions of the act, (2 R. L. 507, 8.) The Justices convened accordingly, and Murphy was brought before them, and charged with stealing a silver watch. He pleaded not guilty; and the Court proceeded to his trial and conviction.

This cause was submitted to the Court on written arguments, in October term, 1823, upon several points, one of which was, that the law constituting the Court below, and purporting to give it jurisdiction in cases of petit larceny, was unconstitutional.

The case being before the Court, in February term last, the following remarks were made in relation to that point, by

Savage, Ch. J. Proceedings of the Courts of Special Sessions have frequently been brought before this Court. but their constitutionality has not been questioned, to my knowledge.

Those parts of the constitution of this state which relate to this subject, are the following: Art. 7, sec. 2. "*The trial by jury, in all cases in which it has been heretofore used, shall remain inviolate forever.*" Sec. 7. "No person shall be held to answer for a capital, or otherwise infamous crime (except in cases of impeachment, and in cases of the militia when in actual service; and the land and naval forces in time of war, or which this state may keep with the consent of Congress in time of peace, *and in cases of petit larceny under the regulation of the legislature*) unless on presentment or indictment of a grand jury,"

So far, therefore, as the question depends on the present constitution of this state, there cannot be a doubt about it. The Court of Special Sessions was unquestionably intended to be preserved.

The old constitution adopted in 1777, contains these provisions: Art. 35.—" Such parts of the common law of Eng

land, and of the statute law of England and Great Britain, and of the acts of the legislature of the colony of New York, as together did form the law of the said colony on the 19th day of April, A. D. 1775, shall be and continue the law of this state, subject, &c." Art. 41—"Trial by jury, in all cases in which it hath heretofore been used in the colony of New York, shall be established and remain inviolate forever."

It becomes important then, to ascertain in what cases trial by jury was in use in the colony of New York. By "an act for the speedy punishing and releasing such persons from imprisonment as shall commit any criminal offences under the degree of grand larceny." passed 1st Sept. 1744, offences under grand larceny were to be tried by three Justices, one of whom should be of the *quorum*. This act was in force on the 19th April, 1775, and, therefore, became incorporated into the law of the state by force of the constitution itself. There can be no ground, therefore, for considering the law in question, as a violation either of the old or new constitution of this state.

It is said, however, that to be constitutional, one of the Justices should be of the *quorum*, or a Judge of the Common Pleas; the plain answer to which is, that the question is not what *Court* shall have authority to try, but what *offence* shall be tried without the intervention of a jury? It is competent for the legislature to enact that petit larceny may be tried before one justice, or any other tribunal which, in their discretion, they may think proper to establish. It would certainly be more congenial with the spirit of our institutions, were the legislature to direct that every offence should be tried by a jury, whether before one Justice, or three, or any other number. There is, undoubtedly, a very striking incongruity between our civil and criminal codes in relation to this subject. Any party to a civil suit, be the amount in controversy ever so small, may, in a Court of Law, demand a trial by jury; but if a man is arrested, when he cannot find bail in 30 hours, for petit larceny, an infamous crime, he may be tried against his will, without a jury. It is lamentable, indeed, that it should be so, when

NEW YORK, May, 1824.

Murphy v. The People.

a trial by jury, before the same magistrates, would be attended with no public inconvenience.(a) I am not, however, to be guided by the propriety or expediency of the law organizing these Courts, but its constitutionality.

By the constitution of the United States, (art 3, sec. 2,) it is provided, that "the trial of all crimes except in cases of impeachment, shall be by jury; and such trial shall be held in the state, where the said crimes shall have been committed; but where not committed within any state, the trial shall be at such place or places as the Congress may by law have directed."

It is only necessary to read the whole section, to perceive that the provision it contains is applicable to proceedings in the Federal Courts only. Hence the provisions as to the trial being in the state where the offence was committed, and when committed in no state, but in a territory, or perhaps on the high seas. The same answer is given to the 5th and 6th amendments. "The United States, in their collective capacity, are the OBJECT to which all the general provisions in the constitution must be understood to refer." (Federalist, No. 83. A View of the Judicial department in relation to the trial by jury—by Hamilton. 3 Hamilton's Works, 279.)

The constitution of the United States, was intended to regulate the general political interests of the nation, and the modes of proceeding by its own officers; but never to regulate the internal policy of the individual states.

The other Justices did not discuss this question; but they agreed clearly with the Chief Justice.(b)

The cause, however was continued for advisement upon the merits till the present term, when the judgment was reversed, upon the ground that the evidence in the Court below did not make out a felony.

(a) The legislature then in session, saw this matter in the same light with the Chief Justice; and passed an act giving the prisoner the right of trial by jury, in all cases, before a special session. (Vid. Laws, sess. 47, ch. 238, s. 47.)

(b) This question has, I am informed, repeatedly arisen at Nisi Prius, at which the decisions have not been uniform. Having been several times raised before the Judge of the Fourth Circuit, he was led to an ex-

amination of the subject; and at the last Cortland Circuit, the question being again made was answered by the opinion which follows: