THE PEOPLE ex rel. JOHN MURRAY, Plaintiffs in Error, v. THE JUSTICES OF THE COURT OF SPECIAL SESSIONS OF THE PEACE IN AND FOR THE CITY AND COUNTY OF NEW YORK, Defendants in Error.

The constitutional provision giving a party a right to a trial by jury "in all cases in which it has been heretofore used" (State Const., art. 1, § 2) means a common law jury of twelve men.

It does not apply, therefore, to the petty offenses triable before a Court of Special Sessions.

The fact that a prisoner gives bail to appear before a Court of Special Sessions in the city of New York for trial does not oust the Special Sessions of jurisdiction or transfer the case to the General Sessions.

*It seems,* that the taking of such bail is authorized and regular. (2 R. S., 710, § 29.)

If unauthorized the appearance of the accused for trial in the Court of Special Sessions is voluntary, and renders the trial effective.

The organization of the Court of Special Sessions in the city of New York is not unconstitutional.

(Argued June 20, 1878; decided September 17, 1878.)

ERROR to the General Term of the Supreme Court, in the first judicial department, to review judgment, affirming a judgment of the Court of Special Sessions of the peace in and for the city and county of New York, convicting the relator of an assault and battery.

The facts appear sufficiently in the opinion.

*William F. Kintzing,* for plaintiffs in error. The trial of the accused without a jury was unconstitutional and void. (*People* v. *Kennedy,* 2 Park. Cr., 312; *In re Sweatman,* 1 Cow., 151, note; 3 R. S. [6th ed.], 242, § 71; id., 1009, §§ 29, 30; id., 1004, §§ 8, 9, 12; id., 1007, § 19; Laws 1855, chap. 337, § 5; Laws 1858, chap. 282, § 8; Laws 1871, chap. 302, p. 602; *In re Devine,* 21 How. Pr., 80; *Townsend* v. *Hendrick,* 40 id., 143; *Murphy* v. *People,* 2 Cow., 815.) The Court of Special Sessions is an unconstitutional tribunal no provision being made for a jury trial. (*Cruger*

v. *H. R. R. R. Co.*, 2 Kern., 198; 3 Eng. R., 446–447; *State* v. *Cox*, 5 S. & M., 664; 4 Wheat., 242–244; 10 Wend., 457; 2 Kent's Com., 13, note c.) The right to a trial by jury cannot be waived. (*Cancemi* v. *People*, 18 N. Y., 128.)

*Benj. K. Phelps*, for defendants in error. The Court of Special Sessions has jurisdiction of misdemeanors in all cases unless the right to trial by jury is claimed by the accused. (3 R. S. [6th ed.], 1009; id., 242; Laws 1855, chap. 337, § 5; *People ex rel. Walker* v. *Special Sessions*, 4 Hun, 442.) The organization of the Court of Special Sessions in New York city and county is constitutional. (*Murphy* v. *People*, 2 Cow., 815, 819.) The jurisdiction of the Court of Special Sessions was not affected by the giving of bail. (*People* v. *Riley*, 5 Park. Cr., 401.)

CHURCH, Ch. J. The relator was arrested and brought before a police justice on a charge of assault and battery, and being held upon such charge he elected to be tried by the Court of Special Sessions of the peace, and in default of bail was committed to jail. Afterwards he was brought before Judge DONOHUE upon *habeas corpus*, and gave bail to appear before the Court of Special Sessions for trial. He did appear and was tried by the court without objection, and was convicted and sentenced to four months imprisonment. The counsel for the relator claims that he had the constitutional right of trial by jury which he did not and could not waive. This point is not tenable for the reason that the constitutional provision does not apply to the petty offenses triable before a Court of Special Sessions. The provision is " the trial by jury in all cases in which it has been heretofore used shall remain inviolate forever." This means a common law jury of twelve men. Courts of Special Sessions have existed since 1744, and have been continued both under the Colonial and State government to the present time. No jury was permitted in these courts until 1824, when the

Legislature provided for a jury of six to be selected from twelve to be drawn if demanded by the accused, and this is the law throughout the State at the present time except in the city of New York. There if an accused person elects to be tried before the Court of Special Sessions he is tried without a jury. If he elects to be tried at the General Sessions he must be proceeded against by indictment, and is entitled to a constitutional jury, and the rule invoked by the relator would apply. A trial by such a jury was not used at the time of the adoption of the present Constitution in trials by courts of special sessions for the offense charged against the relator in this case. (*Murphy* v. *The People*, 2 Cow., 815, and note; *In the Matter of Sweatman*, 1 id., 151, and note; *Cancemi* v. *People*, 18 N. Y., 128.)

It is also urged that when the relator gave bail, the Court of Special Sessions lost jurisdiction, and the case of *The People* v. *Kennedy* (2 Park. Cr. R., 312), is cited. It was there decided that a person arrested for a misdemeanor under the Maine law (so called) had a right to give bail to appear at the Court of Sessions, which corresponds in other counties to the Court of General Sessions in the city of New York, and that a law depriving him of that right would be unconstitutional. Here the relator gave bail to appear before the Court of Special Sessions, and it is recited in the recognizance that he had elected to be tried by that court. How the giving of such bail could operate to oust the Special Sessions of jurisdiction or transfer the case to the General Sessions is beyond my comprehension. I am inclined to think that the bail given before Judge Donohue was authorized and regular by 2 Revised Statutes, 710 (§ 29). The language is very broad and in terms applies to all cases. But if unauthorized, the appearance of the relator for trial in the Court of Special Sessions where he had elected to be tried was a voluntary appearance, and rendered the trial equally effective as if he had been brought in from the jail, or by legal process.

It is also insisted that the organization of the Court of

Special Sessions is unconstitutional. The answer to the first point substantially answers this. It is to be observed that a person charged with an offense, although triable by the Special Sessions, is not compelled to be tried there. He may be tried in the Court of General Sessions and by a jury, but he may elect to be tried by the Special Sessions, and if he so elect he must be tried without a jury in the city of New York, and elsewhere he may have the statutory jury of six. As such trials were had before the adoption of the Constitution, the jury trial preserved by that instrument does not apply. No reason is perceived why there should be a distinction in respect to the right to demand the statutory jury of six in the Special Sessions between the city of New York, and the other counties of the State. The rule should be uniform, and the right of a trial by such a jury at least is more in accordance with the spirit of our laws than a trial by the court. The distinction between city and county in this regard is incongruous and unjust, but we have no control over that question. No error is alleged to have occurred on the trial, and we think the court had jurisdiction.

The judgment must be affirmed.

All concur, except MILLER and EARL, JJ., absent.

Judgment affirmed.