THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS ECKLER, Respondent, v. ALONZO CLARK, Appellant.

*Trial by jury — when the jury may consist of six persons — Const., art. 1, § 2 — 1834, chap. 78 — 2 R. S. (5th ed.), 934, chap. 20, tit. 8, art. 7.*

Chapter 78 of 1834, providing that one arrested for disturbing a religious meeting may demand to be tried by a jury to consist of the same number of jurors, to be summoned in the same manner as is provided for the summoning of jurors before Courts of Special Sessions, is valid; and the fact that the jury before which the trial is to be had is to consist of six instead of twelve jurors, does not render the act unconstitutional, as in violation of section 2 of article 1 of the Constitution, providing that "the trial by jury, in all cases in which it has heretofore been used, shall remain inviolate forever."

APPEAL from an order made at Special Term reversing and setting aside, upon the return to a writ of *certiorari*, a conviction

of the relator by a justice of the peace for disturbing a religious meeting.

*J. M. Thompson*, for the appellant.

*E. R. Reynolds*, for the respondent.

TALCOTT, P. J. :

The writ of *certiorari* in this case brings up proceedings against the relator under the statute providing against " the disturbance of religious meetings." As the statute was originally enacted it provided for the punishment of offenders against its provisions by summary conviction before any justice of the peace of the county, or mayor, alderman or recorder, or other magistrate of any city. In 1834, an act was passed (Laws of 1834, chap. 78) which provided in such cases that, " before the court shall proceed to investigate the merits of the cause," it shall be lawful for the party complained of to demand of such court that he be tried by a jury; and the statute goes on to provide for the summoning of a jury of " the same number of jurors, and in the same manner as is provided for the summoning of jurors before Courts of Special Sessions," and that the said court shall proceed to empannel a jury for the trial of said cause in the same manner as " prescribed in the act providing for trials by jury in Courts of Special Sessions."

The statute providing for trials by jury, when demanded in the Court of Special Sessions, provides for summoning twelve persons as jurors, out of which six are to be drawn in the manner prescribed in the same act, who are to constitute the jury to try the case. It appears from the return of the magistrate in this case that, on being notified by the latter that he had a right to be tried by a jury, the relator said " that he wanted a jury trial."

The jury having been summoned and drawn as prescribed by the statute, and some of the persons so drawn having been peremptorily challenged by each side, and others drawn in their places, the defendant and the counsel for the people, both having expressed themselves as satisfied with the jury as then drawn, the trial proceeded and resulted in the conviction of the relator, who was fined ten dollars and the costs.

The justice who held the Special Term before which the *certiorari* was returnable, reversed the conviction upon the sole ground that the statute under which the proceedings and conviction were had was unconstitutional, for the reason "that it requires the accused to submit to a trial by a jury of only six persons," whereas "the Constitution secured to him the right to a trial by a jury of twelve jurors." The provision in the Constitution that "the trial by jury, in all cases in which it has heretofore been used, shall remain inviolate forever," means a common-law jury of twelve men, but does not apply to the petty offenses triable before a single magistrate or a Court of Special Sessions. Courts of Special Sessions have existed since 1744, and have been continued both under the Colonial and State governments to the present time. No jury was permitted in these courts until 1824, when the Legislature provided for a jury of six to be selected from twelve summoned. (*Duffy* v. *The People*, 6 Hill, 75 ; *People ex rel. Murray* v. *The Justices of the Court of Special Sessions of the Peace*, 74 N. Y., 406.)

In this fourth department, in the case of *Knight* v. *Campbell* 62 Barb., 16), Mr. Justice Johnston, in a very elaborate opinion, in which the right to a trial by a jury of six in an action of replevin in a Justices' Court was challenged, said : "The great point contended for is that this provision of the Constitution means the old common law petit jury of twelve men, and nothing else. The provision does not say this in terms, and constitutions, like all other laws, must be interpreted by the language used. What it says is, 'Trial by jury as it has been heretofore used.' A jury of six men in a Justices' Court is as much a jury in the eye of the law as a jury of twelve men in a Court of Record. The law has made it the jury for that tribunal, and it is a jury there to all intents and purposes. It is the jury which has been 'heretofore' used in that tribunal." (See, also, *Dawson* v. *Horan*, 51 Barb., 459 ; *The People ex rel. The Metropolitan Board of Health* v. *Lane*, 6 Abb. [N. S.], 105–125.)

In the last cited case Mr. Justice Sutherland says : "The constitutional provision should be viewed as recognizing and protecting the right to a trial by a common-law jury of twelve, in cases in courts of record in which it had been theretofore used ; but the

qualifying words which have been quoted imply that there were and had been trials otherwise than by a common-law jury; and the framers of the Constitution must be presumed to have had knowledge of previous legislation and usage as to trials otherwise than by a jury of twelve in inferior courts of local jurisdiction, and must be presumed-to have recognized and adopted the principle which had dictated the legislation, and which originated and undertook to authorize the usage."

By the act of 1834, above referred to, the persons accused of disturbing religious meetings were provided with a right to a trial by a jury of six. Before that time their offense could be examined and tried in a summary manner before the magistrate alone. The extension to persons, charged with such offense, of the right to a trial by a jury of six, in the same manner as persons charged with petty offenses were authorized to be tried by a court of Special Sessions, was not, in our opinion, in conflict with the Constitution, and we think, therefore, that the justice at the Special Term erred in reversing the conviction on that ground.

Judgment reversing the conviction before Justice CLARK and a jury, reversed.

HARDIN and RAMSEY, JJ., concurred.

Ordered accordingly.