THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH LAUGHLIN, Appellant, *v.* JAMES FINN, Warden of the City Prison in the City of New York, Respondent.

*Petit larceny — is a misdemeanor within section 64 of chapter 2, title 6, of the Code of Criminal Procedure.*

Petit larceny is a misdemeanor within the meaning of that word as used in section 64 of chapter 2 of title 6 of the Code of Criminal Procedure, conferring upon the Court of Special Sessions of the city and county of New York "jurisdiction to try and determine, according to law, all complaints for misdemeanors."

Appeal from an order dismissing a writ of *habeas corpus,* and denying a motion to discharge the appellant.

*W. F. Kintzing* and *G. L Simonson,* for the appellant.

*D. G. Rollins,* for the respondent.

Davis, P. J.:

The return in this case shows that on the 21st of September, 1881, the appellant was tried and convicted by the Court of Special Sessions of the city and county of New York of the crime of petit larceny, he having been arraigned and charged with such offense, and having answered the same, and elected to be tried by that court. Upon his conviction, it appearing that he was under the age of sixteen years, it was adjudged that he be sent to the House of Refuge, to be dealt with according to law. The appellant traversed the return by alleging that the Court of Special Sessions in and for the city and county of New York, had no jurisdiction to try the alleged offense, on the ground that petit larceny is a felony.

The sole question presented is, whether that court had jurisdiction, at this time of the trial and conviction, of the offense of petit larceny. The jurisdiction of that court is regulated and determined by the provisions of the Code of Criminal Procedure. Section 64 of chapter 2 of title 6 of that code provides as follows: "The Court of Special Sessions of the city and county of New York has jurisdiction. To try and determine according to law all complaints for mis-

demeanors, unless the defendant elects to be tried by the Court of General Sessions, or the Court of Special Sessions send the case to the Court of General Sessions for trial."

It is insisted by the appellant that the words "all complaints for misdemeanors," as used in this section, do not include petit larceny, because that crime is a felony at common law, and has never been declared by any statute to be a misdemeanor.

It is true that petit larceny is a felony at common law. (*Ward* v. *People*, 3 Hill, 396; *Carpenter* v. *Nixon*, 5 id., 260; *People* v. *Adler*, 3 Park., 249; Colby on Criminal Law, 82.)

It is also true that no statute has heretofore in express terms declared petit larceny to be a misdemeanor. But the Penal Code, by section 535, does so declare. That code was enacted by the same legislature which enacted the Code of Criminal Procedure. But it was provided that the Penal Code shall take effect on the 1st day of May, 1882. (P. C., § 727.) It is probable that when the codifiers framed the provision giving to the Court of Special Sessions jurisdiction to try and determine according to law all complaints for misdemeanors, it was supposed that both codes would go into operation at the same time, and that fact, had it so happened, would have left no doubt that the word "misdemeanor," as used in the Code of Criminal Procedure, does include all petit larcenies. Such will be the effect on and after the first of May next, when the Penal Code takes effect, and thereafter there will be no question but that the Court of Special Sessions will have jurisdiction to try and determine petit larcenies, because they will then have been expressly declared by statute to be misdemeanors.

It is very difficult to answer satisfactorily the argument presented by the learned counsel for the appellant to sustain their position that such jurisdiction does not now exist. But the statute which declares the punishment of petit larceny has for all practical purposes reduced that crime to the grade of misdemeanors, and the Court of Appeals, in the late case of *The People ex rel. Comaford* v. *Dutcher* (83 N. Y., 240), sustain the exclusive jurisdiction of the Court of Special Sessions to try the offense of petit larceny on the distinct ground that it belongs among offenses of the grade of misdemeanors within the meaning of the provision of the Constitution, which declares that "Courts of Special Sessions shall have such juris-

diction of offenses of the grade of misdemeanors as may be pre-scribed by law." This decision, together with that of *The People ex rel. Murray* v. *Special Sessions* (74 N. Y., 406), tend so strongly to establish that, for the purpose of trial and punishment in the Court of Special Sessions, petit larceny is to be regarded as a misdemeanor, that we feel ourselves constrained to accept them as having virtually settled the question adversely to the appellant, leaving it for that tribunal, if the question shall be again presented to it, to remove whatever doubts may remain upon the subject.

The question is one of serious importance to this city and county, because a contrary ruling would throw upon the Court of General Sessions, now overwhelmed with business, a mass of petty offenses, which can well be, and ought to be, disposed of by the Special Sessions.

The order appealed from is therefore affirmed.

BRADY, J.:

It is true that no statute prior to the passage of the Penal Code declared petit larceny to be a misdemeanor. But the Revised Statutes declared the word felony, when used in the act or in any other statute, should be construed to mean an offense for which the offender, on conviction, should be liable by law to be punished by death or by imprisonment in the State prison. (2 R. S., 702, § 30.) And by the same chapter it was declared that every person who should be convicted of stealing, taking and carrying away personal property, of another of the value of twenty-five dollars or under, should be adjudged guilty of petit larceny, and should be punished by imprisonment in the county jail not exceeding six months, or by a fine not exceeding $100, or by both such fine and imprisonment.

It is true that these enactments do not, in express terms, declare petit larceny to be a misdemeanor, but the result is that petit larceny is not a felony, because the punishment is not by death or by imprisonment in a State prison.

*Expressio unius est exclusio alterius.* A misdemeanor is any crime less than a felony, and the terms felony and misdemeanor are generally used in contradistinction to each other. (Barbour's Criminal Treatise and Citations.)

The provisions of the Revised Statutes, "of offenses punishable by imprisonment in a county jail and by fines," are printed under the heads of misdemeanors, and in popular acceptation therefore, and among the members of the profession a misdemeanor was understood to be a crime not punishable by death or confinement in the State prison.

When the Criminal Code was passed therefore, and the jurisdiction of Courts of Special Sessions declared, the word misdemeanors had a well known signification and included petit larceny within the class of offenses which it embraced. It was at the time of the passage of the Code mentioned, settled by statute as well, that an offense not punishable by death or imprisonment in the State prison was not a felony, and not being a felony, was included in the term misdemeanor.

Petit larceny was therefore understood to be, and was in fact, a misdemeanor, and when it was so declared by the Penal Code, the declaration was but a legislative recognition of the fact.

BRADY and DANIELS, JJ., concurred in the result.

Order affirmed.