# THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* GEORGE McGANN, APPELLANT.

*Appeal from a judgment of a Court of Special Sessions — a failure to comply with the requirements of section 211 of the Code of Criminal Procedure cannot be raised upon such an appeal — all objections must be stated in the affidavit upon which the appeal is allowed — Code of Criminal Procedure, secs. 751, 756 — a demand for an immediate trial before the special sessions, waives the right to demand a trial by another court in a different manner.*

The defendant, who had been arrested on a complaint charging him with an assault in the third degree, was brought before a Court of Special Sessions and told that he could have time to procure counsel and that he was entitled to a trial by jury. On being asked, after he had pleaded not guilty, if he was ready for trial, and if he elected to be tried by a jury, he demanded an immediate trial by the court without a jury. After having been convicted and sentenced the defendant made an affidavit, setting forth various grounds of alleged error in such proceedings and conviction, and obtained thereon an allowance of an appeal from the judgment.

*Held,* that as it appeared that the objections stated in the affidavit were such as could only be raised because of a failure by the court to comply with section 211 of the Code of Criminal Procedure, and as the requirements, specified in that section, were only applicable to cases in which the defendant had an

absolute right to be tried by a jury, after an indictment, the objections could not be considered in this case.

That an objection that the magistrate had not informed the defendant of his rights, under sections 57 and 58 of the Code of Criminal Procedure, as required by the latter section, was unavailing for the reasons:

First. That the error relied on was not specified in the affidavit, upon which the appeal was allowed; and,

Second. That the statute was directory only and not mandatory, and that while the statute should be observed in the interest of justice and fairness a failure to give the notice was not a jurisdictional defect.

That the defendant, by demanding an immediate trial by the court, waived all considerations of other modes of proceeding.

APPEAL from a judgment of a Court of Sessions of Onondaga county, modifying and affirming, as so modified, a judgment of a Court of Special Sessions convicting the defendant of an assault in the third degree and sentencing him to imprisonment in a penitentiary for four months. The Court of Sessions reduced the term of imprisonment to thirty days.

*Frederick A. Lyman,* for the appellant.

*Ceylon H. Lewis,* district attorney, for the respondent.

BOARDMAN, J.:

The defendant was arrested on a complaint charging him with assault in the third degree, an offense of which Courts of Special Sessions have exclusive jurisdiction under section 56 of the Code of Criminal Procedure, except as provided by sections 57, 58 and 59. He was brought before the court, was told that he could have time to procure counsel and was entitled to a trial by jury. On being asked if he was ready for trial and if he elected to be tried by a jury, after having pleaded not guilty, he demanded immediate trial by the court without a jury. A trial was accordingly had; the defendant was convicted and sentenced to four months in the penitentiary, which sentence, on the appeal to the Court of Sessions, was reduced to thirty days. Immediately after his conviction defendant made an affidavit, setting forth various grounds of error in such proceeding and conviction, and applied for and obtained an allowance of an appeal therefrom. The objections called to the attention of the justice in defendant's affidavit are such as would arise in a proper case under section 211 of the Code of Criminal

Procedure. That section is found in part 4 of the Code, the caption of which is as follows: "Of the proceedings in criminal actions prosecuted by indictment." We have held in *People* v. *Bates* (38 Hun, 180) that this caption might be taken into consideration in determining the signification of words used in it. By doing so we find the requirements in section 211 aimed at cases in which the defendant had an absolute right to be tried by a jury after indictment. Such is not the present case, and the defendant had no such right. It might be given to him under section 57, in the discretion of certain officers. It would have been absurd, therefore, for the magistrate to inform the defendant that he had such right. He was asked how he would be tried. He replied, by the court without a jury, and was so tried. So far as section 211 applies to the present case (if at all), its provisions were complied with. By section 58 the magistrate is required to inform the accused of his rights, under sections 57 and 58, to remove the proceeding so that it may be tried after indictment if the requisite certificate and bail can be obtained. This was not done so far as the returns show. Two answers are made to the omission :

*First.* That the return is silent on that subject because the affidavit is silent in respect to it. In *People ex rel. Baker* v. *Beatty* (39 Hun, 476) it is held that the error to be relied upon on appeal must be specified in the affidavit upon which the appeal was allowed, or it will not be considered in the appellate court. (Sec. 751.) The reason is given in section 756, whereby the magistrate "must make a return *to all the matters stated in the affidavit,* and must cause the affidavit and return to be filed," etc. He is not required to make returns as to matters not contained in the affidavit. This is reasonable. When the appeal is taken it must be presumed the appellant knows what alleged errors he wants to review. The return is made with reference to such errors only. If this be not true all sorts of technical objections may be urged, upon appeal, when but one worthless objection is alleged in the affidavit. It should be presumed that the proceedings were legal and valid unless it is affirmatively shown that they are otherwise.

*Second.* We are not prepared to hold the requirement of such notice to the prisoner mandatory and that a failure to give it is a jurisdictional defect. The large majority of magistrates authorized

to hold Courts of Special Sessions are laymen possessed of little legal knowledge and still less experience in legal affairs. We cannot think it was intended that the neglect of this and similar provisions should prove fatal to a conviction. If so, what shall be the limit of the information to be given? Will a verbal statement of the substance of sections 57 and 58 be enough, or must the section be read through to the accused? While the statute should be observed in the interest of justice and fairness, we think it is only directory.

The defendant, by his demand of an immediate trial by the court, waived all considerations of other modes of proceeding than that demanded. The right was one that he could waive. (*People ex rel. Murray* v. *The Justices of the Court of Special Sessions, etc.*, 13 Hun, 533; affirmed, 74 N. Y., 406.)

The judgment of the Court of Sessions should be affirmed.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment of the Court of Sessions of Onondaga county affirmed.