(157 App. Div. 848.)

### PEOPLE ex rel. BOROWIAK v. HUNT, Superintendent of Erie County Penitentiary.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1913.)

1. CRIMINAL LAW (§ 84*)—JURISDICTION—INFERIOR COURTS—STATUTORY PROVISIONS.

Laws 1910, c. 228, amending Laws 1909, c. 570, § 70, giving to the City Court of Buffalo, sitting as a Court of Special Sessions, an inferior court created by Laws 1909, c. 570, jurisdiction of misdemeanors equal to the County Court, is not repugnant to Const. art. 6, § 18, providing that inferior local courts of civil and criminal jurisdiction may be established by the Legislature, but that they shall have no greater jurisdiction than is conferred upon County Courts under the same article.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 115–124; Dec. Dig. § 84.*]

2. JURY (§ 11*)—RIGHT OF TRIAL BY JURY—CRIMINAL PROSECUTION—STATUTORY PROVISIONS.

Const. art. 1, § 2, which preserves the right of trial by jury, is limited by its terms to those cases "in which it has heretofore been used," and does not apply to cases heard in a Court of Special Sessions, because trial by a constitutional jury was not within the course of procedure in such courts at the adoption of the Constitution.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 19–24; Dec. Dig. § 11.*]

3. JURY (§ 11*)—INFERIOR COURTS—JURISDICTION.

The fact that the City Court of Buffalo, sitting as a Court of Special Sessions, can try and determine misdemeanor cases without a jury, does not for that reason make its jurisdiction greater than that of County Courts, which can only try such cases with a jury.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 19–24; Dec. Dig. § 11.*]

Appeal from Special Term, Erie County.

Habeas corpus proceedings by the People of the State of New York, on the relation of Leo Borowiak, against William Hunt, as Superintendent of the Erie County Penitentiary. From an order dismissing the writ, relator appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Harlow C. Curtiss, of Buffalo, for appellant.

Wesley C. Dudley, Dist. Atty., of Buffalo (Clifford McLaughlin, of Buffalo, of counsel), for respondent.

ROBSON, J. The relator was convicted in the City Court of Buffalo, sitting as a Court of Special Sessions, of the crime of petit larceny. He was thereupon sentenced to be confined in the Erie County Penitentiary for a term of 240 days. It is claimed by the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

relator that the sentence exceeded that which the City Court, sitting as a Court of Special Sessions, could within constitutional limitations be given the power to impose, and was for that reason void.

[1] The crime of which defendant was convicted was a misdemeanor (section 1299 of the Penal Law [Consol. Laws 1909, c. 40]), and in the first instance was within the exclusive jurisdiction of the court of Special Sessions of the City of Buffalo to hear and determine. Section 70 of Chapter 570 of the Laws of 1909, as amended by chapter 228, Laws of 1910. The court being a Court of Special Sessions, before the amendment above referred to, the judgment which might be imposed by the court upon conviction of a defendant was limited by the provisions of section 717 of the Code of Criminal Procedure, and could not exceed a fine of $50 and imprisonment for 6 months. That amendment in terms gave the court—

"power to impose sentence of fine or imprisonment, or both, in the discretion of the court in all cases within its jurisdiction, upon conviction, to the same extent as the County Court of the county of Erie could do in like cases."

The City Court of Buffalo is a local inferior court created by the Legislature (chapter 570 of the Laws of 1909). Section 18 of article 6 of the Constitution provides that inferior local courts of civil and criminal jurisdiction may be established by the Legislature; but it is also provided that a court so created shall not be a court of record, neither shall it have any equity jurisdiction, nor—

"any greater jurisdiction in other respects than is conferred upon County Courts by or under this article."

The criminal jurisdiction of the City Court of Buffalo, sitting as a Court of Special Sessions, as extended by the amendment of 1910 above referred to, is therefore clearly within the letter of the Constitution, for it assumes to give that court power to impose sentence only to the same extent as the "County Court of Erie county could do in like cases."

[2] But it is claimed that this amendment violates another constitutional provision, which is found in section 2 of article 1, which so far as pertinent here is that:

"The trial by jury in all cases in which it has heretofore been used shall remain inviolate forever."

It is conceded that this provision is to be read in connection with section 23 of article 6, which provides that:

"Courts of Special Sessions shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law."

It is further conceded, and the cases so hold, that the Legislature may give such courts exclusive jurisdiction to hear and determine all cases involving charges of offenses of that grade. People ex rel. Comaford v. Dutcher, 83 N. Y. 243; People v. Austin, 49 Hun, 396, 3 N. Y. Supp. 578. The provision of the Constitution which preserves the right of trial by jury is limited by its terms to those cases "in which it has heretofore been used." It does not apply to cases heard in a Court of Special Sessions, for the reason that trial by a constitutional jury—i. e., a jury of 12 men—was not within the course

of procedure in such courts, and had not been, when this provision first appeared in the Constitution. People ex rel. Murray v. Justices, etc., in and for the City and County of N. Y., 74 N. Y. 406. It follows, therefore, that the statute giving the City Court, sitting as a Court of Special Sessions, exclusive jurisdiction to try and determine charges of misdemeanors, is not violative of that provision of the Constitution.

[3] It is, however, urged that, because no greater jurisdiction can be given that court than is given the County Court, and because, if relator had been prosecuted in the County Court, he would have been entitled to trial by a constitutional jury, the jurisdiction and power of the City Court as a Court of Special Sessions has been by the statute above quoted extended beyond that of the County Court, in that the Court of Special Sessions can try and determine such cases without a constitutional jury. It is difficult to appreciate the force of this contention. Except for the limitation by section 717 of the Code of Criminal Procedure, above referred to, of the power of Courts of Special Sessions to render judgment of fine and imprisonment in case of conviction, there could be little doubt that such courts would have the power to impose a fine or imprisonment, or both, within the limit prescribed by the statute as penalty for the particular misdemeanor of which defendant had been convicted. This limitation being statutory only, it may, of course, be extended, or entirely removed, by subsequent legislation. The limitation never applied to the power of the County Court. The amendment removes it from the City Court of Buffalo, sitting as a Court of Special Sessions. The same argument as to the unconstitutionality of this City Court statute as it now exists in the amended form would have been equally persuasive that the statute as it existed before the amendment was unconstitutional. Before the amendment it could try and determine without a constitutional jury all charges of misdemeanors, which, if on proper application they had been directed to be prosecuted by indictment, could only have been tried and determined in a court of record with the aid of such a jury.

The order should be affirmed. All concur.