PEOPLE ex rel. SPARROW v. LUCAS, Sheriff.

(Supreme Court, Special Term, Ontario County.   April 19, 1916.)

1. CRIMINAL LAW ⊚⟳88—COURTS—POWERS.
    Laws 1910, c. 560, §.102, revising the charter of the city of Geneva, declares that the City Court shall have and exercise all powers of Courts of Special Sessions, and shall be subject to all provisions of law relating to such courts, but upon a conviction for any misdemeanor the same sentence may be imposed for such conviction as might be imposed by the County Court.   Under Code Cr. Proc. § 717, Courts of Special Sessions can, on conviction for misdemeanors, sentence an accused to imprisonment for a period not over six months.  *Held*, that the City Court of Geneva might assess punishment for a misdemeanor for a greater period than six months, as might the County Court.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 127;  Dec. Dig ⊚⟳88.]

2. CRIMINAL LAW ⊚⟳88—COURTS—POWERS.
    While in the County Court prosecution would proceed by indictment, the City Court of Geneva though the prosecution was according to the practice of Courts of Special Sessions could assess the same punishment that might be assessed in the County Court.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 127;  Dec. Dig ⊚⟳88.]

3. HABEAS CORPUS ⊚⟳22(1)—PROCEEDINGS—REVIEW.
    Where a conviction was had by a court of competent jurisdiction the case cannot be retried on habeas corpus.
    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 19½;  Dec. Dig. ⊚⟳22(1).]

Application by the People, on the relation of Howard Sparrow, for writs of habeas corpus and certiorari against Elmer Lucas, as Sheriff of Ontario County.   Writs dismissed.

P. H. Leahy, of Canandaigua, for the motion.
N. D. Lapham, Dist. Atty., of Geneva, opposed.

CLARK, J.   The relator was convicted of the crime of assault in the third degree in the City Court of the City of Geneva, and was sen-

tenced to be confined in the Ontario county jail for the period of 11 months. He urges that the sentence was improper, because the City Court of Geneva was merely a Court of Special Sessions, and could not impose a sentence of imprisonment for a term exceeding six months, as provided by section 717 of the Code of Criminal Procedure.

[1] The crime charged against the defendant was clearly within the jurisdiction of the City Court, and under the original Geneva city charter the powers of that court would be the same as those of a justice of the peace of a town. But by chapter 560, § 102, of the Laws of 1910, the charter of the city of Geneva was revised, and the powers of the City Court were extended in the following particular, to wit:

"And the City Court shall possess and exercise all the powers conferred upon Courts of Special Sessions, and shall be subject, in the exercise of such powers, to all provisions of law relating to Courts of Special Sessions, except as herein otherwise provided, and upon a conviction in said court for any misdemeanor the same sentence may be imposed as might be imposed were such conviction had in the County Court."

That language is perfectly plain, and it means that the powers of the City Court with reference to criminal prosecutions of which it has jurisdiction were extended, so far as punishment was concerned, beyond the limitations of section 717 of the Code of Criminal Procedure, so the City Court would have the right to impose the same sentence in a case tried in that court that the County Court could have imposed if the trial had been had in the court of record.

[2] It is also urged by the relator that the section of the revised charter above quoted does not enlarge the powers of the City Court, for the reason that the jurisdiction of the offenses is no greater than that of a Court of Special Sessions, and the County Court is given no authority to pronounce sentence excepting in cases prosecuted by indictment, and that then the trial could only be had before a constitutional jury of 12 men.

That precise point was passed upon by the Appellate Division of this department in the case of People ex rel. Borowiak v. Hunt, 157 App. Div. 848, 143 N. Y. Supp. 233, and adversely to relator's contention, and I am bound to follow the decision in that case, for it has in no way been modified or distinguished, so far as I have been able to discover. So it must be held that the City Court, not only had jurisdiction of this case, but it had the power to impose the sentence that it did impose. Laws 1910, c. 560, § 102; People ex rel. Borowiak v. Hunt, 157 App. Div. 848, 143 N. Y. Supp. 233.

The case relied upon by the relator, People ex rel. Kane v. Sloane, 98 App. Div. 450, 90 N. Y. Supp. 762, is clearly distinguishable from this case, because in that case a penalty was involved, which could be enforced in a civil action, but not by calling it a fine and undertaking to enforce it by a criminal prosecution.

[3] The contention of the relator in this matter was urged with so much earnestness by counsel that it seemed to require that the entire proceedings be looked into with the greatest care, and to that end all of the evidence has been most carefully read, and while this court

might have arrived at a different conclusion on the same evidence, it cannot be said that the verdict of the jury was unsupported by evidence, or that the complainant was not corroborated in some degree at least.

Defendant was charged with grabbing a married woman on a public street one evening, and throwing her in the ditch; he having fled on the approach of other people, after complainant had screamed several times. On the trial the complaining witness positively identified the defendant as her assailant. No other person saw him to identify him, but on the trial he admitted that he knew complainant, and that he met her on the street that night, although he denied the assault. The complainant described her assailant with considerable exactness, both with reference to his size, and the color of his clothing, and upon his arrest that same evening it was found that her description of him was pretty accurate. The case was tried by a jury, who had the opportunity of seeing all the witnesses, and it cannot be said that the verdict was unsupported by evidence.

It appears that defendant appealed his case to the Ontario County Court, and raised all the questions raised here, and the conviction was affirmed, and that subsequently he applied to the City Court for a new trial on the ground of newly discovered evidence, and upon that motion being denied he appealed from that order to the County Court, and the order denying the motion for a new trial was affirmed. Now he seeks by writs of habeas corpus and certiorari to review the entire proceedings had in the City Court. The proceedings in that court seem to have been regular, the court had jurisdiction in the case, and pronounced a sentence that it had authority to pronounce, and under these circumstances I do not think the Supreme Court, sitting at Special Term, has power to interfere with the proceedings of the City Court in this purely collateral way, for surely, after a criminal case has been tried in a court that had jurisdiction to try it, it cannot be retried in habeas corpus proceedings. 21 Cyc. 292–326; People ex rel. Van Riper v. N. Y. C. Protectory, 106 N. Y. 604, 13 N. E. 435; Matter of Wright, 29 Hun, 357; People ex rel. Price v. Hayes, 151 App. Div. 561, 136 N. Y. Supp. 854; People ex rel. Smith v. Van De Carr, 86 App. Div. 9, 83 N. Y. Supp. 245.

This case is one which would naturally arouse considerable public interest, and it would have perhaps been better for defendant had he taken proceedings to have had the case tried away from the possible effects of local prejudices, but no such effort was made. He had a jury trial, the verdict was supported by sufficient evidence, the court had jurisdiction of the case, and imposed a punishment which, although perhaps excessive, was still within its power to impose, and I have been shown no authority which would justify the Supreme Court, sitting at Special Term, to interfere with the judgment in this purely collateral proceeding. The method of reviewing a criminal case is by appeal, and not by certiorari.

The writs must therefore be dismissed, and the defendant remanded to the custody of the sheriff of Ontario county.

Ordered accordingly.