THE PEOPLE OF THE STATE OF NEW YORK on Information of IVAN HONETT, Respondent, v. FRANK CILBERG, Appellant.

County Court, Westchester County, March 12, 1932.

David H. Moses, for the appellant.

Frank H. Coyne, District Attorney, for the respondent.

COYLE, J. Defendant was convicted by the acting city judge of the city of White Plains for violation of section 982 of the Penal Law, which is a misdemeanor. From such judgment of conviction defendant appeals to this court,

Counsel for appellant assigns numerous reasons for a reversal of the judgment, among which was the denial by the court of defendant's demands for a jury trial. He had demanded a trial by a jury of twelve which was denied him; and also by a jury of six, which was denied him. If counsel is correct in his contention that defendant was entitled to a trial by a jury either of twelve or six, then it is unnecessary in the determination of this appeal to consider the other points involved.

Chapter 633 of the Laws of 1926 (City Court Act of White Plains), section 246, provides in part: " The city judge shall have criminal jurisdiction as follows: * * * He shall have jurisdiction * * *; to hold courts of special sessions, with all the powers and jurisdiction of such courts; to hear and determine charges for every misdemeanor committed within the corporate limits of said city * * *. He shall in all things relating to the manner of procedure in his court or in the arraignment or trial of the parties accused be governed as far as may be by the same law as justices of the peace or courts of special sessions in towns, * * *." There can be no question as to the validity of such enactment. (N. Y. Const. art. 6, § 18.)

There never has been in this State a " constitutional right " to a trial by jury in Courts of Special Sessions. Courts of Special Sessions existed as early as 1744 and continued under the Colonial government and have continued under our State government to the present time. No jury was permitted in these courts prior to 1824 when the Legislature provided for a jury of six, except in the city of New York. (*People ex rel. Murray* v. *Justices*, 74 N. Y. 406.) (See, also, *Murphy* v. *People*, 2 Cow. 815.) Accordingly the provision (§ 41) of the Constitution of 1777 preserving the right to a jury trial " In all cases in which it hath heretofore been used in the Colony of New York, * * *," did not apply to cases which were triable in Courts of Special Sessions at the time of the adoption of the Constitution. Such provision has been included in substantially the same form in the later Constitutions of the State (Present Const. art. 1, § 2) and has been interpreted as referring to a trial by a common-law jury of twelve men. (*People* v. *Cosmo*, 205 N. Y. 91; *People* v. *Dunn*, 157 id. 528; *Wynehamer* v. *People*, 13 id. 378.)

In 1869, article 6, section 26 of the Constitution (Present Const. art. 6, § 18) was amended so as to provide that " Courts of Special Sessions shall have such jurisdiction of offenses of the grade of misdemeanor as may be prescribed by law." It was held under this section that the Legislature had authority to give Courts of Special Sessions exclusive jurisdiction of misdemeanors (*People ex*

*rel. Comaford* v. *Dutcher*, 83 N. Y. 240; *People ex rel. Borowiak* v. *Hunt*, 157 App. Div. 848; *Devine* v. *People*, 20 Hun, 98); and that the " constitutional right " to trial by jury was in no way prejudiced by statutes enacted thereunder authorizing the trial by Courts of Special Sessions without a jury or with a jury of less than twelve. (*People* v. *Kaminsky*, 208 N. Y. 389; *People ex rel. Cosgriff* v. *Craig*, 195 id. 190; *People ex rel. Comaford* v. *Dutcher, supra; People ex rel. Borowiak* v. *Hunt, supra*.)

The provisions of section 26 of article 6 have been substantially incorporated in article 6, section 18, effective January 1, 1926, so that the section now reads in part as follows: " Courts of Special Sessions and inferior local courts of similar character shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law, and the legislature may authorize them to try such offenses without a jury." The last part of this section incorporates in express language the law as previously interpreted by the courts in the decisions above referred to. (See *People ex rel. Frank* v. *McCann*, 253 N. Y. 221.)

The statutory right to a jury of six in Courts of Special Sessions, to which I have referred above, has, as far as I have been able to determine, continued from its first enactment in 1824 to date and is now embodied in our present Code of Criminal Procedure, sections 701, 702. And it has been held that the defendant's right to demand a jury trial under these sections continues until testimony is actually taken, even though a jury might have previously been waived. (*People* v. *Molinet*, 13 Misc. 301.)

Under the White Plains City Court Act the city judge is governed by the provisions of the Code of Criminal Procedure relating to Courts of Special Sessions.

The defendant having duly demanded a jury trial of six was entitled thereto, and the denial of this right constitutes reversible error. The judgment should be reversed and a new trial had.