THE PEOPLE ex rel. JOHN COMAFORD, Respondent, v. JAMES E. DUTCHER, Sheriff, etc., Appellant.

The provision of the State Constitution (art. 6, § 26), declaring that "courts of Special Sessions shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law" is not limited to offenses of the grade specified, created by statute after the adoption of that provision ; it includes as well all such offenses existing by statute at that time, including petit larceny.

The said provision also was intended to confer authority upon said courts as they were then or might thereafter be constituted by statute and without regard to the question whether or not they were authorized to summon and impannel a common-law jury.

The provision, therefore, of the act of 1879 (chap. 390, Laws of 1879), giving to courts of Special Sessions, except in the cities of New York and Albany, exclusive jurisdiction to hear and determine in the first instance "charges for petit larceny not charged as a second offense," is constitutional and valid, and said courts can alone now try the offenses specified.

The Supreme Court has no power to let to bail one charged with such an offense.

*The People ex rel. Comaford* v. *Dutcher* (20 Hun, 241), reversed.

(Submitted December 7, 1880 ; decided December 21, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made February 10, 1880, affirming an order of Special Term, admitting the relator to bail. (Reported below, 20 Hun, 241.)

The relator was in the custody of defendant, the sheriff of the county of Dutchess, by virtue of a commitment from the recorder of the city of Poughkeepsie, upon a charge of petit larceny not charged as a second offense. The relator offered to give bail but the recorder refused to accept it and held him for trial on said charge. The relator thereupon procured a writ of *habeas corpus* and was brought before a justice of the Supreme Court, when he offered to give bail to appear at the next court having cognizance of the offense. The said justice ordered that he be allowed to enter into a recognizance in a sum specified, and he having so done and the surety having been approved, ordered his discharge from custody.

*William R. Woodin* for appellant.    Chapter 390, Laws of 1879, conferring on courts of Special Sessions exclusive jurisdiction in the first instance to hear and determine certain crimes and offenses therein mentioned, is constitutional and valid. (*People* v. *Ransom,* 61 Barb. 619 ; *Devine, plaintiff in error,* v. *People,* 20 Hun, 98 ; *People ex rel. Comerford,* id. 241 ; N. Y. State Constitution, art. 1, § 6 ; id., art. 6, § 26.)    In the case of a subsequent statute, if the latter was clearly intended to prescribe the only rule that should govern in the case provided for, it repeals the former one.    (*Dexter & Limerick Plank Road* v. *Allen,* 16 Barb. 15.)    A special act, passed subsequently to the Revised Statutes, is, so far as it conflicts therewith, virtually a repeal *pro tanto.*    (*Ward* v. *Wellington,* 30 N. Y. 218.)    A subsequent statute, inconsistent with a former one, repeals it by implication.    (*Hartman* v. *New York,* 51 How. Pr. 351 ; *People* v. *Brooklyn,* 69 N. Y. 605 ; *Excelsior Petroleum Co.* v. *Embury,* 67 Barb. 261.)

*Abram J. Rose* for respondent.    The jury meant by section 2 of article 1 of the Constitution, is a common-law jury of twelve men.    (*Hill* v. *People,* 20 N. Y. 369 ; *Wynehamer* v. *People,* 13 id. 378, 456, 457.)    Chapter 390, Laws of 1879, is in conflict with section 2 of article 1 of the Constitution.    (*People* v. *Devine,* 27 N. Y. Sup. Ct. 98 ; *People* v. *Toynbee,* 20 Barb. 210.)    Any law which takes from a person accused of a crime (which in 1848 was triable by a common-law jury) the right of election to be tried by such jury is unconstitutional and void.    (*People* v. *Johnson,* 2 Parker, 322 ; *People* v. *Kennedy,* id. 312 ; *People* v. *Carroll,* 3 id. 22 ; *Wynehamer* v. *People,* 13 N. Y. 378.)

MILLER, J.    The relator, after an examination before the magistrate upon the charge of petit larceny and his decision that the offense had been committed by the relator, offered to give bail for his appearance at the next court having cognizance of the offense.    This having been refused, and the relator having been held for trial by the officer for the offense

charged, he sued out a writ of *habeas corpus* before a justice of the Supreme Court, and after a hearing the justice decided that the relator be allowed to enter into a recognizance, and having done so discharged him from custody.

Upon these facts the question arises, whether the officer who issued the warrant had jurisdiction to try the accused. Such right is claimed by virtue of chapter 390 of the Laws of 1879, which provides that "courts of Special Sessions, except in the city of Albany and in the city and county of New York, shall, in addition to the powers possessed by them, have also exclusive jurisdiction in the first instance to hear and determine the fol- lowing cases: 1. Charges for petit larceny not charged as a second offense." This enactment, on its face, is sufficiently broad to authorize any court of Special Sessions to try an offender for the crime charged against the relator, and unless there is some difficulty in the way, the right is clear and be- yond any question.

It is claimed that the act cited is in conflict with section 2, article 1 of the Constitution, which declares that "the trial by jury, in all cases in which it has heretofore been used, shall remain inviolate forever." The trial by jury referred to evi- dently means a trial by a common-law jury of twelve men, within the principle laid down by the decisions of the courts of this State in *Hill* v. *The People* (20 N. Y. 363), and *Wyne- hamer* v. *The People* (13 id. 378). Such was no doubt the law prior to the amendment of section 26 of article 6 of the Constitution, which declares that "Courts of Special Sessions shall have such jurisdiction of offenses of the grade of misde- meanor as may be provided by law." Prior to this amend- ment the statute cited, so far as it confers exclusive jurisdic- tion, would be a violation of section 2 of article 1 of the Constitution, and the amendment of section 26 of article 6 was no doubt designed to invest the legislature with authority to confer upon courts of Special Sessions full and exclusive jurisdiction in this class of cases which it was held not to pos- sess under the decisions of the courts; and it must be regarded as a modification and a restriction of the limitation of power

which was held to exist by virtue of section 2 of article 1, in respect to offenses of the character specified. The act of 1879 was passed in conformity with the amendment referred to, and petit larceny is an offense of the same grade as a misdemeanor within its terms and embraced within its spirit and meaning.

The counsel for the relator insists that the provision of the Constitution (§ 26, *supra*) must be construed to mean only such offenses as are created by statute after the adoption of the amendment. There is, we think, no ground for thus restricting its interpretation, and it is broad and comprehensive enough to include all misdemeanors existing by statute at the time of its adoption, as well as such as might afterward be created by law. It clearly comprehends all misdemeanors for which provision is made by law, including petit larceny, and the act of 1879 confers exclusive jurisdiction to try that class of offenses. The views we have expressed are supported by the decision of the Supreme Court in *The People* v. *Rawson* (61 Barb. 619). In that case the question now considered was presented under an act of the legislature giving courts of Special Sessions in the county of Monroe exclusive power to hear, try and determine cases of petit larceny; and it was held that petit larceny was within the meaning of section 26 of article 6 of the Constitution, and the act of the legislature was valid. The subject is discussed in an able opinion by JOHNSON, J., and but little if any thing can be added to the views expressed, which contain a sound exposition of the law.

In *Devine* v. *The People* (20 Hun, 98), the same question is considered and the same result reached by a majority of the court, although in that case the conviction was reversed upon another ground. In a dissenting opinion of one of the judges, it is held that where the Constitution permits jurisdiction of misdemeanors to be given to courts of Sessions, it must be construed so as not to take away the right of the accused in such courts to be tried by a common-law jury in cases where such trial was used at the adoption of the Constitution. We think the amendment cited, and the provision as to the right

244　　　PEOPLE ex rel. COMAFORD v. DUTCHER.　　　[Dec.,

Opinion of the Court, per MILLER, J.

to a jury trial are entirely harmonious, and when the Constitution conferred authority upon courts of Special Sessions to try misdemeanors, it meant the courts in question, as they were and might be constituted by the legislature, whether they authorized a jury of six or otherwise. The provision of the Constitution as to a jury trial can have full scope and force by applying it to cases where trials are had in a court of record, while the amendment can apply to cases of a lower grade where the offense is not a felony. Both provisions are thus made entirely harmonious, and if it was intended that the courts of Special Sessions to which jurisdiction was given should be such as had authority to summon and impanel a common-law jury, it is but reasonable to suppose that such a provision would have been inserted in the amendment. The evident purpose of the act was to relieve the higher courts from the burden of trying trivial offenses, and to leave this class of cases to local magistrates in the vicinity where the offense was committed. Prior to its adoption the accused party had a right to be tried before the officer holding the Special Sessions, and to a jury, if he desired, or to give bail for his appearance, according to the provisions of 2 R. S. 702, § 27, at the next sitting of a competent court in the county where the case might be presented to a grand jury, and an indictment found if authorized by the testimony upon which the accused might be tried before a jury in accordance with the Constitution. This is done away with by the amendment and the act of 1879, and the Special Sessions alone can now proceed and try the offender as already indicated. Besides what has been remarked as to the effect of the amendment, it should not be overlooked that it was held in the case of *The People ex rel. Murray* v. *Justices* (74 N. Y. 406), that the constitutional provision giving a party a right of trial by jury does not apply to the petty offenses triable before a court of Special Sessions. It is thus settled by authority that the right to a common-law jury does not exist in any such case. The power to let to bail in such a case would be inconsistent with the purpose of the amendment and the act cited, and cannot be upheld.

The order of the General Term must be reversed, and the proceedings remitted to the recorder with directions to proceed and try the prisoner.

All concur.

Order reversed, and ordered accordingly.