## SUPREME COURT.

### In the Matter of LOAMI LORD.

*Jurisdiction of justices of the peace in cases of assault and battery — Code of Criminal Procedure, sections 56, 57, 58, 962.*

Chapter 390 of Laws of 1879, giving to courts of special sessions exclusive jurisdiction in the first instance to hear and determine cases of assault and battery, &c., has been repealed by the Code of Criminal Procedure.

When the accused, having been arrested for a simple assault and battery, was brought before the justice issuing the warrant, he tendered bail for his appearance at the next court having jurisdiction of the offense, and refused to be tried at a court of special sessions:

*Held,* that the justice could not hold him for trial by a court of special sessions, but should have accepted the bail tendered.

Under the Code of Criminal Procedure the jurisdiction conferred upon courts of special sessions, except in those cases in which by section 57 they have exclusive jurisdiction, can be exercised only in the following cases: 1. When the party charged, upon his being brought before the magistrate, requests to be tried by such court. 2. When not having made such request, and after having been required by the magistrate to give bail for his appearance at the next court of sessions in the county, he omits to do so for twenty-four hours.

*Special Term, February,* 1882.

APPLICATION on *habeas corpus* to release the petitioner upon bail.

*John E. Van Etten* and *Roswell Lockwood,* for Lord.

*A. T. Clearwater,* district attorney of Ulster county, opposed.

WESTBROOK, *J.*—Upon the complaint of John B. Ingraham, Bernard Johnson, one of the justices of the peace of the town of Ulster, Ulster county, issued a warrant for the arrest of Loami Lord for a simple assault and battery, alleged to have been committed by said Lord upon the person of the complainant in November, 1881.

When the accused was brought before the justice issuing the warrant, he tendered bail for his appearance at the next court having jurisdiction of the offense, and refused to be tried at a court of special sessions.

The justice, however, whilst approving of the form of the bond, and the sufficiency of the sureties, held that the accused must be tried at a court of special sessions, by force of chapter 390 of the Laws of 1879, and therefore declined to accept bail and kept him in the custody of an officer for trial.

Lord then sued out a *habeas corpus* to release himself from imprisonment, and tenders bail for his appearance at the next court of sessions to be held in the county to answer to the charge.

The question presented is : Could the justice hold him for trial by a court of special sessions, or should the bail tendered have been accepted? The answer depends upon the effect which the Code of Criminal Procedure has had upon the act of 1879. Has the latter been repealed or modified by the Code which took effect on the 1st day of September, 1881? Previous to that date, by chapter 390 of the Laws of 1879, " courts of special session, except in the city of Albany and in the city and county of New York," had " exclusive jurisdiction in the first instance to hear and determine " sundry cases, and among them, " charges for assault and battery not alleged to have been committed riotously." The language of the act which has just been given, is clear, and the court of appeals has, in *People* agt. *Dutcher* (83 *N. Y.*, 240), construed it precisely as has been stated.

The act of 1879 is entitled " An act extending the jurisdiction of courts of special sessions, except in the city of Albany, and in the city and county of New York," and from such title as well as its provisions, it is evident that it is an amendment of the general law of the state defining the jurisdiction of those tribunals. The statutes of the state also, which give to special sessions their criminal powers, in force when the act of 1879 became a law, were applicable as that

of 1879, by its title and provisions was declared to be, to "courts of special sessions, except in the city and county of New York, and the city of Albany" (3 *R. S.* [*6th ed.*], 1004, *sec.* 1), and this consideration makes clear the soundness of the proposition just enunciated, that the law of 1879 was an amendment to, and became a part of the general criminal law of the state, and was not a mere local and special statute.

The Code of Criminal Procedure took effect, as has already been stated, on the 1st day of September, 1881, and by chapter 1 of its 6th title, prescribes and defines the jurisdiction of "the courts of special sessions, except in the city and county of New York, and the city of Albany," and as it therefore relates to precisely the same subject as the act of 1879, and the general statutes of which that act became a part, it must repeal or supersede them. This follows from the fact that it is a new and revised declaration of the legislative will as to the jurisdiction of the same courts, which was designed to supplant and take the place of the old.

An examination of the chapter and title of the Code to which reference has just been made makes the repeal of the law of 1879 still more manifest. The fifty-sixth section declares what crimes *may* be tried by "the courts of special sessions, except in the city and county of New York, and the city of Albany," and among them is an "assault not charged to have been committed riotously, or upon any public officer in the execution of his duties."

The fifty-seventh section defines the offenses which *must* be tried by such courts, or, in other words, those which such courts "have, in the first instance, exclusive jurisdiction to hear and determine." There is a marked similarity between this section and the act of 1879, in regard to the exclusive jurisdiction attempted to be conferred by both, and such general similarity brings out the more sharply the omission, from such fifty-seventh section of the Code, of the crimes of simple assault and battery and petit larceny, not charged as a second offense.

A strong argument against the continuation of the exclusive power of the special sessions in the first instance to try the accused for the crime alleged against him, as the act of 1879, if unrepealed and unaltered, confers, can be drawn from the fact the fifty-seventh section defines anew such exclusive powers, and omits that of which the defendant is charged. It is unnecessary, however, to amplify the point because the next section (*the* 58*th*) makes the whole matter clear, and to it attention is specially called.

That section expressly declares : " Except as prescribed in the last section, the jurisdiction conferred upon courts of special sessions can be exercised only in the following cases : 1. When the party charged, upon his being brought before the magistrate, requests to be tried by such court. 2. When not having made such request, and after having been required by the magistrate to give bail for his appearance at the next court of special sessions in the county, he omits to do so for twenty-four hours."

It is difficult, by argument, to make the legislative intent any more manifest than a simple reading of sections 56, 57 and 58 of the Code will effect. Briefly to recapitulate, however, it may be said section 56 declares what offenses are *triable* by courts of special sessions, other than those in the city and county of New York and the city of Albany. Section 57 enumerates those which they "have, in the first instance, *exclusive* jurisdiction to hear and determine ; " and section 58 expressly enacts, that with the exception of those which are mentioned in the fifty-seventh section, and which they must try and determine, their "jurisdiction      *      *      * can be exercised only " : First. When the party elects to be tried by such court ; and, second, when he does not so elect, but neglects for twenty-four hours to give bail for his appearance at the next court of sessions in the county, after having been required so to do by the magistrate before whom he is accused.

It is clear, then, the act of 1879 is repealed because : First.

Matter of Lord.

There has been by the Code a new definition and particularization of the powers and duties of the courts of special sessions of the state, except in the city and county of New York and the city of Albany, which was evidently designed, as manifested by its completeness and fullness, to supplant and take the place of the old upon the same subject; and because, second, an analysis of the new act shows that the exclusive jurisdiction conferred by that of 1879, to hear and determine, in the first instance, certain assaults and batteries and petit larcenies, is taken away and repealed, because: First: Those offenses are dropped from the section (*the* 57*th*) conferring exclusive jurisdiction upon those courts, and added to that which gives a jurisdiction to try them (*the* 56*th*), subject to the provisions of another (*the* 58*th*); and second, such latter section, instead of declaring that the offenses specified in the 56th section must be tried by the special sessions, excludes and prohibits the jurisdiction of those tribunals over them, unless the party arraigned elects to be there tried, or neglects to give bail for his appearance at the next court of sessions within twenty-four hours after such bail has been required.

There is no force in the argument in opposition to this view founded upon subdivision 30 of section 56, which only adds to the cases enumerated in such section as triable in courts of special sessions, "such other jurisdiction as is now defined by special statute." It is of no force, because the provision is part of the fifty-sixth section, which gives the power of trial subject to the terms of the fifty-eighth, and is no part of the fifty-seventh section, which declares what cases must be tried in those courts. It was evidently placed where it was to prevent the repeal, by implication, of some special and local acts conferring upon special sessions the power to hear certain local offenses, and was not designed to continue in force a general law which was supplanted by the new enactment.

Neither is the answer founded upon section 4, and particularly upon its fourth subdivision, of any weight. That sub-

division and section do not declare what cases must be tried
"by courts of special sessions and police courts," but simply
excepts those prosecuted there from prosecution by indictment.

The argument against the power of Bernard Johnson, the
justice of the peace before whom the petitioner, Loami Lord,
was brought to try him for the offense of an assault and bat-
tery, is already complete. The jurisdiction of the justice to
try, as has been shown, depended either upon the election of
the accused or his neglect to furnish the bail required by law.
Instead of desiring a trial there the petitioner refused to sub-
mit to the jurisdiction of the justice, and instead of neglecting
to give bail he tendered such as was admitted to be sufficient,
and which should have been accepted, though it was not.
The application of the provisions of the Code, which have
been referred to, to the case before me is manifest without an
express declaration in the Code itself that they are so applicable,
and therefore the remark was just made that the argument is
already complete. The Code, however, as if to foreclose all
discussion, has, by its nine hundred and sixty-second section,
declared "this Code applies to criminal actions, and to all
other proceedings in criminal cases which are herein provided
for, from the time when it takes effect."

In other words, all its provisions — including those which
have been considered relating to the jurisdiction of courts of
special sessions — apply to the case before me, for the offense
and proceeding on account thereof were since September 1,
1881, and therefore the right to give bail, for which express
provision is made, exists, despite the act of 1879. The excep-
tions contained in such nine hundred and sixty-second section,
do not affect this case, because the act of 1879 was not a "local
statute confined by its terms to *a* town or *a* village, or to *a*
county or city other than the city and county of New York,"
but it was a general law operating over the *whole state* with
the exception of the city and county of New York, and the
city of Albany. The part of the section giving effect to the
provisions of the Code which has been quoted, applies, and

by its express terms the Code and no old statute, governs the procedure.

In announcing as my conclusion that the petitioner must be discharged from custody upon giving bail as the law requires, it is proper to state that the district attorney, who represents the people upon this proceeding, does not differ from me in my views of the present condition of the law in regard to courts of special sessions, but appeared for the sole purpose of having a judicial determination of a question in regard to which some confusion has existed. My own judgment is clear, and the reasons upon which it is based have been given, though with less pressure upon my time the argument might have been made more perfect. It is submitted, however, as an attempt to elucidate a part of a new system of criminal procedure, which is sure to work wise and beneficient results.