[No. 7,615.—In Bank.]
March 28, 1882.

# CALIFORNIA FRUIT AND MEAT SHIPPING COMPANY *v.* SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO.

JURISDICTION OF THE SUPERIOR COURT—APPEAL FROM JUSTICE'S COURT—CONSTITUTIONAL LAW.—Under the Constitution and prior to any act of the Legislature relating to appeals from Justices' Courts, the Superior Court had jurisdiction of such appeals.

APPLICATION for writ of certiorari.

*T. Z. Blakeman*, for Plaintiff.

Before the new Constitution went into effect appeals from Justices' Courts were to the County Courts. The law did not grant · appeals from Justices' Courts in general terms, but to County Courts only. (Laws of 1865, 426, § 11; Olney's Code of Civil Procedure, § 974.)

The new Constitution, in creating the Superior Courts, specified their original jurisdiction, but left their appellate jurisdiction to be prescribed by law. (Art. vi. § 5, New Cont.) And the legislature did not fix its appellate jurisdiction until March 26, 1880. (Laws 1880, p. 53.) The case at bar was begun in Justice's Court, February 4, 1880, and ended in that Court by judgment, February 10, 1880.

A law authorizing an appeal to the County Court could not give an appeal to the Superior Court. "If the law which gives an appellate Court jurisdiction is repealed or expires, the Court loses its appellate power even though an appeal be pending." (*United States* v. *Burton*, 8 How. 121; *McNulty* v. *Bently*, 10 id. 72.)

The right of appeal is a creature of statute. (Houghton's Appeal, 42 Cal. 60.) Where jurisdiction is conferred on an inferior Court, its decision is final, unless provision is made by statute for an appeal. (*Ward* v. *People*, 13 Ill. 636.)

The Act of February 4, 1880 (Laws of 1880, p. 3, § 2) can not be relied on to sustain appeals to Superior Courts, because said Act is unconstitutional and void, for the reason that it was not read at length three times prior to its passage.

CAL. REPS. LX—20

(House Journal, Session 1880, pp. 13 and 24; Art. iv. § 15, New Cont.; *Weill* v. *Kenfield*, 54 Cal. 111.)

And further the said Act of February 4, 1880, is void as to that portion of it which attempts to give the Superior Courts jurisdiction of appeals from Justices' Courts; because this was a subject not expressed in the title. (Art. iv. § 24 New Cont.; *Wood* v. *Board of Elec. Comm.*, 7 Pac. C. L. J. 641.)

The provision of § 11, Art. xxii, new Cont., is not in con-flict with the position above taken, for the reason that the appellate jurisdiction of the Superior Courts was not a part of the judicial system created by the new Constitution.

*Robinson, Olney, and Byrne*, for Defendant.

It is argued that the right of appeal from an inferior Court to a higher tribunal is purely statutory. In other words, if the statute does not expressly confer the right, it does not exist at all. As an abstract proposition this is true; but in the present case we claim that the rule is not applicable; and for these reasons:

1. The Courts which existed under the old Constitution were not "abolished," in the literal and ordinary sense of that term. They were in fact superseded by the judicial system created by the new Constitution, which took effect simul-taneously with the expiration of the life of the old system.

2. The new Constitution wisely provides that all laws in force at the time of its adoption, not inconsistent with it, shall remain in force until altered or repealed by the Legislature. The new Constitution further preserves "all rights, actions, prosecutions, claims, and contracts of the State, counties, in-dividuals, or bodies politic, not inconsistent therewith." Is not the right of appeal one of the "rights" of individuals thus expressly protected?

3. But the Constitution goes further and provides that even such laws as are inconsistent with it, and for that reason require legislative action to make them conform to its pro-visions, shall remain in force until the first day of July, 1880, unless sooner altered or repealed; so that even if the pre-existing statutes regulating appeals from Justices' Courts were inconsistent with any provisions of the new Constitu-tion they remained in force until the passage of the Act of

March 26, 1880, which provides the Superior Courts with the most ample machinery for the proper exercise of its appellate jurisdiction as conferred by the Constitution.

4. As if "to make assurance doubly sure," Section 11 of Article xxii declares that "all laws relative to the present judicial system of the State shall be applicable to the judicial system created by this Constitution until changed by legislation."

The Court:

Application for a writ of review. In this case, judgment was recovered in the Justice's Court of the City and County of San Francisco on the tenth day of February, 1880, and an appeal was taken from this judgment to the Superior Court of the City and County of San Francisco on the fourteenth day of the same month. At that time, there had been no legislation since the Constitution of 1879 went into effect, in relation to appeals in cases arising in Justices' Courts.

It is urged here that under the former Constitution the only appeal from such judgments was to the County Court; that the County Court was abolished by the present Constitution (Art. xxii, § 3); that this Constitution only vested appellate jurisdiction in the Superior Courts "in such cases arising in Justices' Courts," "as may be provided by law" (Constitution, Art. vi, § 5)—and that inasmuch as the Legislature had not acted on this subject after the present Constitution went into operation, and when the appeal in this case was taken, such appeal was without warrant of law, the Superior Court had no jurisdiction, and its action was null.

But by the Constitution (Art. xxii, § 11) it is provided that "all laws relative to the present judicial system of the State, shall be applicable to the judicial system created by this Constitution, until changed by legislation."

The laws referred to in this section defined the cases arising in Justices' Courts in which appeals were allowed. Such laws were continued in force, and the effect of this provision was to prescribe by law the cases arising in the Courts referred to in regard to which the appellate jurisdiction was vested in the Superior Courts, and on which such jurisdiction was to operate. (*The People* v. *Dutcher*, 83 N. Y. 240.)

We are of opinion that the Superior Court had jurisdiction of the appeal, and the writ must be denied.

The above is decisive of the case, and therefore it becomes unnecessary to pass on the other questions discussed on the argument of the cause.

Writ denied and application dismissed.