## Supreme Court — Special Term — Second Department.

*June*, 1886.

### PEOPLE *ex rel.* TEMPLEMAN *v.* GREEN, &c.

#### SPECIAL SESSIONS—JURY TRIAL—ADJOURNMENT.

A defendant charged on complaint in the Special Sessions of the city of Brooklyn with a misdemeanor, where the term of imprisonment does not exceed one year, is properly tried by the court, where he fails to obtain a certificate of removal or demand a trial by jury.

Where such magistrate indorses on the complaint an adjournment of the proceedings to a certain day, *e. g.*, the 8th, and orally announces an adjournment to an earlier day, *e. g.*, the 7th, such clerical mistake does not vitiate a conviction on a trial had on the 7th, it appearing that the prisoner was in no way misled thereby.

THE relator, Charles B. Templeman, was arrested and taken before ANDREW WALSH, a police justice in the city of Brooklyn, June 3, 1886, and was by him tried, June 7, 1886, and adjudged guilty of the misdemeanor of assault in the third degree, and was thereupon sentenced to one year's imprisonment and fined two hundred and fifty dollars. The accused was not there represented by counsel. Thereafter he obtained a writ of *habeas corpus*, directed to the warden of the penitentiary, who made the usual return of commitment, &c., which the relator traversed on the grounds appearing in the opinion.

*James M. Ridgway,* district attorney, for the warden, &c.

*Allan Lee Smidt,* for relator.—I. The court having jurisdiction of the writ, has power to determine whether the court below had power to give the judgment. People *ex rel.* Frey *v.* Warden, 3 *N. Y. Crim. Rep.* 545.

II. The return must show affirmatively an express waiver of the right to a jury trial. People *v.* Mallon, 39 *How.* 462. The election to be tried at Special Sessions cannot be implied. It is a positive act and must be distinctly made. People *v.* Reid, 19 *Alb. L. J.* 400; see Wynnehamer *v.* People, 13 *N. Y.* 457.

III. The fact that, as the justice testifies, he personally indorsed "June 8th" on the papers at the time of the adjournment, and called up and tried the prisoner before that time is fatal. (*a*) The prisoner had no day in court. (*b*) Where one date appears on the papers and another on memoranda kept by a justice or clerk of Special Sessions, the indorsement on the papers controls. People *v.* Langdon, decision by BARRETT, J., N. Y. Sup. Ct. Dec. 1882.

CULLEN, J.—By section 60, Code Criminal Procedure, as amended in 1885, Courts of Special Sessions in the city of Brooklyn have exclusive jurisdiction to try and determine all complaints for misdemeanors where the term of imprisonment does not exceed one year, subject to the power of removal by a certificate from a county judge or Supreme Court justice.

This legislation has been held constitutional. People *ex rel.* Comaford *v.* Dutcher, 83 *N. Y.* 240. Therefore, in such courts no election, other than a failure to obtain the certificate of removal is necessary to give jurisdiction to try the case. If the prisoner demands a trial by jury the court must summon one. If he fails to make such demand the court must proceed to try the case. *Code Crim. Pro.* §§ 701, 702, 703. Here the relator neither obtained a certificate of removal, nor demanded trial by jury. Hence, he was properly tried by the court.

The trial was had June 7th. On the complaint the adjournment was endorsed to June 8th. It is not denied, and the magistrate testified, that the adjournment was announced to the

7th, and the prisoner was not misled by the indorsement on the papers. It does not appear that he ever saw the endorsement. I do not think this clerical mistake vitiated the proceedings.

The writ must be discharged and the prisoner remanded.