## COURT OF APPEALS,
### April, 1909.

# THE PEOPLE *ex rel.* FRED COSRIFF v. WILLIAM H. CRAIG.

#### (195 N. Y. 190.)

(1). STATUTORY CONSTRUCTION.

In cases of doubtful construction, or of conflicting statutory provisions, that interpretation should be given which best protects the rights of a person charged with an offense, to a trial according to the common law.

(2). SAME—INCREASED PUNISHMENT FOR SUBSEQUENT OFFENSES—PETIT LARCENY AS SECOND OFFENSE.

Legislation prescribing increased punishment for second or subsequent offenses is constitutional and the prior conviction should be charged in the indictment and proved before the jury on the trial. Petit larceny committed after previous conviction of crime is an aggravated offense, differing from that declared to be a misdemeanor by section 535 of the Penal Code, by reason of the punishment imposed for the second offense by section 688 of such Code.

(3). SAME—PETIT LARCENY, SECOND OFFENSE, NOT TRIABLE IN POLICE COURT—PENAL CODE, SEC. 688.

The charter of the city of Rochester grants exclusive jurisdiction to the Police Court to try any charge of misdemeanor and limits the sentence to imprisonment for one year. Section 688 of the Penal Code provides for punishment upon conviction of a second offense for a term not more than twice the longest term prescribed upon the first conviction; that is, it authorizes a sentence of not more than two years for petit larceny when it is a second offense. Relator was arrested on a warrant charging him with petit larceny as a second offense and brought before the police justice of that city, who committed him to await the action of the grand jury. *Held*, that the act conferring upon the Police Court exclusive jurisdiction to try misdemeanors is limited to a trial of those misdemeanors upon the conviction of which the court is authorized to impose the statutory sentence, and should not be construed to authorize the court, in such case, to exceed its statutory limits of sentence, viz., one year; hence the police justice had no jurisdiction to try the prisoner.

*People ex rel. Cosgriff v. Craig*, 129 App. Div. 851, reversed.

APPEAL from an order of the Appellate Division of the Supreme Court, in the Fourth Judicial Department, entered January 22, 1909, which affirmed an order of Special Term sustaining a writ of habeas corpus and directing the discharge of the relator from custody.

The facts, so far as material, are stated in the opinion.

*Howard H. Widener, District Attorney (Charles B. Bechtold,* of counsel), for appellant. The crime of petit larceny, charged as a second offense, is a felony. *People v. Cook,* 2 Park. Cr. Rep. 12; *People v. Powers,* 6 N. Y. 50; *People v. Golden,* 3 Park. Cr. Rep. 330; *People v. Lyon,* 99 N. Y. 210; *People v. Van Steenburgh,* 1 Park. Cr. Rep. 39; *Mairs v. B. & O. R. R. Co.,* 73 App. Div. 265; *People v. Borges,* 6 Abb. Pr. 132; *People v. Reilly,* 49 App. Div. 218; *People v. Sickles,* 156 N. Y. 541.

*George S. Van Schaick,* for respondent. Petit larceny, charged as a second offense, is a misdemeanor. *Mairs v. B. & O. R. R. Co.,* 73 App. Div. 273; *People v. Lyon,* 99 N. Y. 210; *People v. Raymond,* 96 N. Y. 38. The Police Court of Rochester had exclusive jurisdiction to try the relator. L. 1907, ch. 755, § 468; Code Crim. Pro. § 57.

CULLEN, Ch. J.:

The relator was arrested on a warrant charging him with having committed petit larceny as a second offense and brought before the police justice of Rochester. The justice held him on the charge and committed him to jail to await the action of the grand jury. Thereupon the relator sued out a writ of habeas corpus, on the return to which he was discharged. The statutory provisions affecting the question before us are the following: By section 468 of the charter of the city of Rochester (Laws of 1907, ch. 755) the Police Court in granted exclusive

jurisdiction to try any charge of misdemeanor committed in the city by a person who may be brought before it. By section 476 the court is empowered upon a conviction for a misdemeanor to impose a sentence of imprisonment not exceeding one year or a fine not exceeding five hundred dollars. By section 688 of the Penal Code it is provided: "A person who, after having been convicted within this State of a felony, or an attempt to commit a felony, or of petit larceny, or, under the laws of any other State, government or country, of a crime which, if committed within this State, would be a felony, commits any crime within this State, is punishable, upon conviction of such second offense, as follows: ＊ ＊ ＊ If the subsequent crime is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term, prescribed upon a first conviction." Section 704 of the Penal Code provides that "Where a person is convicted of a crime, for which the punishment inflicted is imprisonment for a term exceeding one year, or is sentenced to imprisonment for such a term, the imprisonment must be inflicted by confinement at hard labor in a State prison." Section 5 defines a felony as a crime which is or may be punishable by either death, or imprisonment in a State prison. Sections 530 and 531 define grand larceny in the first and second degrees, and the offense charged against the relator falls within neither definition. Section 532 enacts that every other larceny (i. e., any not included in sections 530 and 531) is petit larceny, and section 535 declares that petit larceny is a misdemeanor. For the relator it is contended that the charge for which he was arrested is a misdemeanor, and that, therefore, he should have been tried on that charge in the Police Court, and that the police justice had no power to remand him to await prosecution by indictment. This contention the courts below have sustained. On the other hand, it is contended by

the district attorney that the larceny, being charged as a second offense, was not a misdemeanor, but a felony, of which the Police Court had no jurisdiction, and that the defendant was properly committed to await indictment.

At common law petit larceny was a felony, and it has been questioned whether the Revised Statutes of 1830 reduced the offense to the grade of misdemeanor (*Ward v. People*, 3 Hill, 395), though doubtless such was the intent of the legislature, and the statute prescribed as punishment for the offense imprisonment not to exceed six months and a fine not exceeding one hundred dollars; under the Penal Code, the imprisonment may be for one year. By subdivision 3, section 9 of the Revised Statutes (2 R. S. 700), it was enacted that on a subsequent conviction for petit larceny the offender should be sentenced to imprisonment for a term not exceeding five years. This provision unquestionably made petit larceny, charged as a second offense, a felony (*People v. Lyon*, 99 N. Y. 210), and the crime was always prosecuted by indictment and never before the Special Sessions. In 1882 the Penal Code was substituted for the provisions of the Revised Statutes relating to the definition and punishment of crime. The Code made but two changes bearing on the question before us; the first, the express definitions of sections 532 and 535, that all other larceny is petit larceny, and that petit larceny is a misdemeanor; second, the substitution of section 688 of the Penal Code for section 9 of the Revised Statutes (2 R. S. 699). That legislation prescribing increased punishment for second or subsequent offenses is constitutional cannot be denied. *McDonald v. Massachusetts*, 180 U. S. 311, 313. It is insisted, however, for the relator that a prior conviction is no ingredient of the second offense. This view is fundamentally erroneous. The question was raised and decided by this court in the case of *People v. Sickles*, 156 N. Y. 541. There is was held that not only the prior conviction must be charged in the indictment, but must be proved before the jury

on the trial.   Judge GRAY said for the court: "I regard it as
a necessary and logical conclusion, where an increased punish-
ment is prescribed by the statute upon conviction for a second
offense, that the prior conviction enters as an ingredient into
the criminality of the prisoner.   Not that the fact of the prior
conviction tends, in any wise, to prove the commission of the
second offense; but that it aggravates the guilt of the prisoner,
and, as a hardened, or unreformed, criminal, subjects him to
an increased punishment for the repeated crime."   (P. 547.)
In the same case it was said by the Appellate Division (26 App.
Div. 470, 472) : ";There is nothing which prevents the legisla-
ture from making an act committed by one who has previously
been guilty of a crime, a greater offense than the same act when
done by a person hitherto innocent of offense;   *   *   *   but
under section 688 of the Code, for the second offense the defend-
ant must be sentenced to at least the longest term provided as a
punishment for the first offense, and may be sentenced for twice
that time.   It seems to me clear that the difference in the pun-
ishments necessarily constitutes a difference in the offenses, the
distinction between which depends in no wise on nomenclature.
It may be, if the constitutional provision as to cruel and inhu-
man punishments did not prevent, that we might go back to the
old common law and make every felony punishable by death,
in the discretion of the court.   In such a case, the discretion
being in the court as to all offenders, the fact that it might
impose more severe punishment on one than on the other, would
be no violation of individual rights.   But if the law provided
that, in case of conviction for certain offenses, one class of
prisoners could be sentenced to only a year's imprisonment,
while another class must, without discretion in the court, be put
to death, no refinement of reasoning can prevent us from seeing
that the facts which constitute this classification must be inte-
gral parts of the offense itself."   If this principle be correct,
then petit larceny committed after a previous conviction of

crime is an aggravated offense differing from that declared to be a misdemeanor at section 535. It is contended by the district attorney that the aggravated offense falls within the terms of section 704 of the Code, "Where a person is convicted of a crime, for which the punishment inflicted is imprisonment for a term exceeding one year, or is sentenced to imprisonment for such a term, the imprisonment must be inflicted by confinement at hard labor in a state prison," and section 5, which defines a felony as a crime which is or may be punishable by either death or imprisonment in a state prison, for the offender might on conviction be sentenced to imprisonment for the term of two years, and, therefore, such offense is a felony. This it is unnecessary to decide, for whether we consider the charge against the relator as a felony or as a misdemeanor, we are still of opinion that the Police Court had not jurisdiction of the offense. While in terms the statute assumes to confer upon that court exclusive jurisdiction of misdemeanors, still its power to impose sentence is limited to imprisonment for one year, while the provision of section 688 of the Penal Code authorizes a sentence of imprisonment for two years for petit larceny. These statutory provisions must be harmonized, and to effect that result we think it much more reasonable to construe the act conferring upon the police courts exclusive jurisdiction to try misdemeanors as limited to those misdemeanors upon a conviction of which the court is authorized to impose the statutory sentence, than to adopt a construction which would authorize the court in this class of cases to exceed its statutory limits of sentence. It must be remembered that police courts and courts of special sessions are constituted for the trial of petty offenses. *People ex rel. Comaford v. Dutcher,* 83 N. Y. 240. Trials in those courts are not had before a common-law jury of twelve men, but before a jury of six, and the right to a jury trial at all in such courts is not secured by the Constitution. (Id.) Before section 23 of article 6 of the present State Constitution was incor-

porated therein by the adoption of the judiciary article in 1869, exclusive jurisdiction to try misdemeanors without any right on the part of the accused to give bail to appear for trial at a higher court could not have been conferred on the Court of Special Sessions, for it would have deprived the accused of his constitutional right to a trial by jury where that method of trial had hitherto prevailed. *Wynehamer v. People,* 13 N. Y. 378; *Hill v. People,* 20 id. 363. The adoption by the people of section 23 modified to a certain extent the constitutional provision guaranteeing a trial by jury and authorized the legislature to confer upon the Special Sessions jurisdiction that previously it did not possess. *People ex rel. Comaford v. Dutcher, supra.* The power which the Constitution now authorizes the legislature to confer upon the Special Sessions is to try misdemeanors. By the term "misdemeanor" it was intended to include only petty offenses. This apparent from the resolution introduced in the constitutional convention of 1876, in obedience to which section 23 of the judiciary article was recorded. (Proceedings and Debates, vol. 1, p. 183.) It seems to me clear that the legislature could not make an offense punishable by imprisonment for ten years or for life and confer power on the Special Sessions to try it simply because it chose to call the act a misdemeanor and to enact that the imprisonment should be in a county jail or penitentiary instead of State prison. At the time of the adoption of this constitutional provision no misdemeanor that I can find in this State had been subject to punishment by imprisonment for a greater term than one year, with these exceptions. By chapter 51 of the Laws of 1863, section 36 of the Revised Statutes (2 R. S. p. 696) was amended so as to make the maximum punishment of the misdemeanor described therein two years. By the present Penal Code the effect of that amendment has been abrogated. By a special act passed in 1829 (Ch. 270) the holding of masquerade balls under the conditions therein specified was prohibited, and by amendment

in 1858 (Ch. 359) a violation of the provisions of the act was made a misdemeanor which could be punished by imprisonmen in a State prison for not more than two years. The act prohibited is now an offense throughout the State generally, and by section 453 of the Penal Code the maximum punishment is still preserved. It is not the mere name of a crime, but the punishment therefor, that characterizes it. In *Ex parte Wilson* (114 U. S. 417) the Supreme Court of the United States held that an offense punishable by imprisonment for a term of years at hard labor was an infamous crime within the 5th amendment of the Federal Constitution, whether it was a felony or not, and must be prosecuted, not by information, but by indictment. It is unnecessary in this case to decide how great punishment the legislature may constitutionally authorize Courts of Special Sessions to impose on a conviction without a common-law jury. It is sufficient to say that in cases of doubtful construction or of conflicting statutory provisions, that interpretation should be given which best protects the rights of a person charged with an offense, to a trial according to the common law.

The orders of the Appellate Division and the county judge should be reversed and the relator remanded to custody.

HAIGHT, VANN, WERNER, WILLARD BARTLETT, HISCOCK, and CHASE, JJ., concur.

Orders reversed, etc.