# COUNTY COURT—MONROE COUNTY,

## March 1916.

## THE PEOPLE v. AL. C. HAYMAN.

(94 Misc. 624.)

JURISDICTION—OF POLICE COURT—CITY OF ROCHESTER—TO TRY PERSON CHARGED WITH COMMISSION OF A FELONY—PENAL LAW, § 2.

The grade of an offense is determined by the kind and extent of the punishment that may be inflicted.

The public exhibition of an indecent and obscene moving picture film known as "The Dance of the Seven Veils," punishable under section 1141 of the Penal Law by imprisonment for not less than ten days nor more than one year, or a fine of not less than fifty dollars nor more than a thousand dollars, or both fine and imprisonment, which imprisonment may under section 2182 of the Penal Law be inflicted by confinement either in a county jail or in a penitentiary or state prison, is a crime of the grade of a felony under section 2 of the Penal Law, and a police court has no jurisdiction of the offense.

Under section 466 et seq. of the charter of the city of Rochester its police court has no jurisdiction to try a person charged with the commission of a felony, and the conviction of one for the public exhibition of an indecent and obscene moving picture must be reversed.

APPEAL from a judgment of the Police Court of the city of Rochester, N. Y.

Marsh N. Taylor, Assistant District Attorney, for the people.

Henry V. Woodward, for defendant.

BARHITE, Special Co. J.:

The defendant was convicted of a violation by him of section 1141 of the Penal Law, the particular offense charged being an exhibition of an indecent and obscene moving picture film

known as " The Dance of the Seven Veils." The serious questions raised by this appeal relate to the jurisdiction of the Police Court to try the defendant for the crime charged in the information and warrant. It is contended that he should have been prosecuted by indictment and trial in a court of record. This contention is well founded.

By section 2 of the Penal Law a crime is either " a felony or a misdemeanor." This section further declares that a felony is a crime which is or may be punishable by death or imprisonment in a state prison. Any other crime is a " misdemeanor." It thus appears that the grade of an offense is determined by the kind and extent of the punishment which may be inflicted. Section 2182 of the Penal Law provides: " Where a person is convicted of a crime, for which the punishment inflicted is imprisonment for a term of one year, he may be sentenced to, and the imprisonment may be inflicted by, confinement either in a county jail, or in a penitentiary or state prison."

Section 1141 of the Penal Law, under which defendant was convicted, provides as a penalty imprisonment for not less than ten days nor more than one year, or a fine of not less than $50 nor more than $1,000, or both fine and imprisonment. The results of sections 2182 and 1141 are that as punishment for the offense under discussion imprisonment in a state prison may be imposed; consequently, under the provisions of section 2, the crime is a felony.

" It is not the actual sentence but the possible one which determines the grade of the offense." People v. Huges, 137 N. Y. 29, 34; 9 N. Y. Crim. 277; People v. Lyon, 99 id. 210.

The Police Court of the city of Rochester, N. Y., had no jurisdiction to try a person charged with the commission of a felony. See Charter, § 466 et seq.

In People ex rel. Cosgriff v. Craig, 195 N. Y. 190, 23 N. Y. Crim. 46, the Court of Appeals, in discussing the jurisdiction of the Police Court of the city of Rochester, says: " It must

be remembered that Police Courts and Courts of Special Sessions are constituted for the trial of petty offenses. (People ex rel. Comaford v. Dutcher, 83 N. Y. 240.)  Trials in those courts are not had before a common law jury of twelve men, but before a jury of six and the right to a jury trial at all in such courts is not secured by the Constitution."

In view of the plain contradiction between those enactments which make the display of an obscene picture a " felony " and section 1141 which makes such a display a " misdemeanor," what interpretation must be placed upon the conflicting provisions of law?  Chief Judge Cullen, in his learned opinion in People ex rel. Cosgriff v. Craig, *supra*, answers this question. He says:  " It is unnecessary in this case to decide how great punishment the legislature may constitutionally authorize Courts of Special Sessions to impose on a conviction without a common-law jury.  It is sufficient to say that in cases of doubtful construction or of conflicting statutory provisions, that interpretation should be given which best protects the rights of a person charged with an offense, to a trial according to the common law."

The only conclusion is that the defendant was entitled to have his case tried in a court which could furnish him with all the requirements for a common-law trial.  As the Police Court could not furnish these requirements it had no jurisdiction.

Another reason why the Police Court did not have jurisdiction to try the defendant for the crime charged is that that court is not empowered to impose the full measure of sentence which the law provides as punishment.  The maximum of that sentence is one year imprisonment or a fine of $1,000 or both fine and imprisonment.  The power of the Police Court to render sentence is limited to imprisonment for one year or a fine of $500, or both such fine and imprisonment, " except

Are the words quoted words of limitation or expansion? Is imprisonment for a year and a fine of $500 the outside limit of the power to punish or may the court impose any sentence, however severe, that may be attached to a misdemeanor? Obviously the former. The court may impose the limit named in the charter unless a lower punishment has been prescribed for a particular offense. Otherwise the Police Court would not be a tribunal for the trial of petty offenses, but would become a rival of courts of record in its power to punish. We refer again to the words of Judge Cullen quoted above to the effect that such an interpretation should be given as will best preserve the rights of the person charged to a common-law trial and further quote from the same opinion: " Whether we consider the charge against the relator as a felony or as a misdemeanor, we are still of opinion that the Police Court had not jurisdiction of the offense. While in terms the statute assumes to confer upon that court exclusive jurisdiction of misdemeanors, still its power to impose sentence is limited to imprisonment for one year, while the provision of section 688 of the Penal Code authorizes a sentence of imprisonment for two years for petit larceny. These statutory provisions must be harmonized, and to effect that result we think it much more reasonable to construe the act conferring upon the Police Courts exclusive jurisdiction to try misdemeanors as limited to those misdemeanors upon a conviction of which the court is authorized to impose the statutory sentence, than to adopt a construction which would authorize the court in this class of cases to exceed its statutory limits of sentence."

The photographic film in the case was of a most filthy and obscene character and its exhibition calls for severe punishment, but the defendant was not tried by a court which has sufficient jurisdiction to surround him with the safeguards to which he is entitled by the laws of the land, and his conviction was illegal.

The conclusions as to the jurisdiction of the court make it unnecessary to discuss the other points raised by counsel.

The judgment of the Police Court is reversed.

Judgment reversed.