THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY FRANK, Appellant, *v.* JOHN A. McCANN, as Warden of the New York County Penitentiary, Defendant.
THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

(Argued February 10, 1930; decided March 18, 1930.)

*Louis B. Boudin, Phillip Wittenberg* and *Jacques Buitenkant* for appellant. The Legislature never intended

that the crime of criminal contempt should be prosecuted otherwise than by indictment, or tried otherwise than by jury. (*People ex rel. Batista* v. *Christian*, 249 N. Y. 314.) The language of the existing statutes, when taken together, clearly shows that it was not the intention of the Legislature that the Court of Special Sessions should have jurisdiction to try cases of contempt committed in other courts. (*People ex rel. Cosgriff* v. *Craig*, 195 N. Y. 190.) To confer upon the Court of Special Sessions the power to try criminal contempts committed against other courts, without a jury, would be unconstitutional. (*Moat* v. *Moat*, 214 N. Y. 204; *People ex rel. Cosgriff* v. *Craig*, 195 N. Y. 190; *People* v. *Dutcher*, 83 N. Y. 240; *People* v. *Dwyer*, 90 N. Y. 402.)

*Thomas C. T. Crain, District Attorney* (*Felix C. Benvenga* of counsel), for respondent. The criminal contempt in question is punishable as a misdemeanor in the Court of Special Sessions of the city of New York. (*Typothetæ* v. *Typographical Union*, 66 Misc. Rep. 484; *Matter of Deuel*, 116 App. Div. 512; *People ex rel. Sherwin* v. *Mead*, 92 N. Y. 415; *People ex rel. McDonald* v. *Keeler*, 99 N. Y. 463; *People* v. *Meakim*, 133 N. Y. 214; *Matter of Hanbury*, 160 App. Div. 662; *People ex rel. Deal* v. *Williams*, 51 App. Div. 102; *People ex rel. Dembinsky* v. *Fox*, 182 App. Div. 642; *People* v. *Hammerstein*, 155 App. Div. 204; 211 N. Y. 552; *People ex rel. Pinchback* v. *Warden*, 184 App. Div. 777; *People ex rel. Kipnis* v. *McCann*, 199 App. Div. 30; 234 N. Y. 502; *People* v. *Thompson*, 251 N. Y. 428.) The writ of habeas corpus does not lie. (*Matter of Watkins*, 28 U. S. 193; *People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559; *People ex rel. Scharff* v. *Frost*, 198 N. Y. 110; *People ex rel. Hubert* v. *Kaiser*, 206 N. Y. 46; *People ex rel. Doyle* v. *Atwell*, 232 N. Y. 96; *People ex rel. Bailey* v. *McCann*, 222 App. Div. 465; *People ex rel. Smith* v. *Barr*, 223 App. Div. 168; *People* v. *Perrin*, 170 App. Div. 376;

*People ex rel. Phillips* v. *Hanley*, 164 App. Div. 150; *People* v. *Zambounis*, 251 N. Y. 94; *People ex rel. Kuhn* v. *House of Mercy*, 133 N. Y. 203; *People ex rel. Frey* v. *Warden*, 100 N. Y. 20; *People ex rel. Van Riper* v. *Catholic Protectory*, 106 N. Y. 604.) The Legislature may now confer upon Courts of Special Sessions jurisdiction over such offenses of the grade of misdemeanors which it did not possess when the Judiciary article was adopted. (*People ex rel. Cosgriff* v. *Craig*, 195 N. Y. 190; *People ex rel. Comaford* v. *Dutcher*, 83 N. Y. 240; *People* v. *Lyon*, 99 N. Y. 210; *People* v. *Harris*, 123 N. Y. 70; *Devine* v. *People*, 20 Hun, 98; *People* v. *Austin*, 49 Hun, 396; *People ex rel. Stetzer* v. *Rawson*, 61 Barb. 619; *People* v. *Levy*, 24 Misc. Rep. 469; *People* v. *Cornyn*, 36 Misc. Rep. 135; *People ex rel. Warren* v. *Brady*, 37 Misc. Rep. 126.)

O'BRIEN, J. On an information charging him with violation of section 600 of the Penal Law in that he had willfully disobeyed a lawful mandate of the Supreme Court, appellant was convicted of that misdemeanor by the Court of Special Sessions of the City of New York, was fined one hundred dollars and in default of payment was committed to the City Prison for sixty days. The issue raised by this writ of habeas corpus is limited to the jurisdiction of the Court of Special Sessions to punish for the crime of a contempt of any court other than itself. Questions are not present concerning the punishment for criminal contempt by a court of record for willful disobedience of its own mandate as provided by article 19 of the Judiciary Law (Cons. Laws, ch. 30), nor punishment by court or magistrate for disobedience to a subpœna or a refusal to be sworn as provided by sections 619 and 729 of the Code of Criminal Procedure nor punishment by the Court of Special Sessions for criminal contempt of its own mandate as provided by chapter 659, section 31, subdivision 5, Laws of 1910, as added by chapter 679,

Laws of 1913. The statute last named merely confers upon the Court of Special Sessions the same power to punish for a criminal contempt of its own mandate as courts of record possess by virtue of article 19 of the Judiciary Law. None of the acts defined by any of these statutes, although denominated criminal contempt, are denounced as crimes. The issue is narrowed to the jurisdiction of the Court of Special Sessions in relation to its right to try and punish for the misdemeanor of criminal contempt as defined by section 600 of the Penal Law. The determination of this question requires an examination of the statutes in order to derive knowledge of legislative intent and consideration of the Constitution for the purpose of testing the validity of such expressed intent.

Section 600 of the Penal Law provides: " A person who commits a contempt of court, of any one of the following kinds, is guilty of a misdemeanor: * * * 4. Wilful disobedience to the lawful process or other mandate of a court." No language could more clearly declare an intent to define as a misdemeanor any act which constitutes a willful disobedience to a lawful mandate of the Supreme Court and no one can or does doubt that fact. The purpose to confer upon the Court of Special Sessions jurisdiction to determine, in the first instance, all charges of misdemeanors, except libel, committed within the city of New York is also indisputably plain. Such power granted to that statutory court by the provisions of section 31, chapter 659, Laws of 1910, is direct and explicit. Article 19 of the Judiciary Law, sections 601 and 602 of the Penal Law and section 31 (1b) of chapter 659, Laws of 1910, must be read together. So read, the purpose is clear that an act is not the less punishable as a crime because it is also declared to be punishable as a contempt of court, that an indictment may be presented for such an offense and that the initial jurisdiction of the Court of Special Sessions to try for that

misdemeanor is not divested except in the event of an indictment.

The jurisdiction so conferred by the statutes is not in violation of any constitutional mandate or prohibition. In view of the fact that by chapter 659, section 31, subdivision 4, the declaration is made that " All trials in the Court of Special Sessions provided for by this act shall be without a jury," appellant argues that his conviction without trial by jury conflicts with that provision in article 1, section 2, of the Constitution which conserves and renders forever inviolate trial by jury in all cases in which it has been heretofore used. This argument overlooks the provisions of the former article 6, section 26, of the Constitution as adopted in the Judiciary article of 1869 and the present article 6, section 18, in effect since January 1, 1926, as well as the construction placed upon the Judiciary article by decisions of this court. Section 26 of the article adopted in 1869 provided: " Courts of Special Sessions shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law." During the existence of that constitutional provision this court declared its effect upon the right of Courts of Special Sessions to convict without a jury for a misdemeanor. In *People ex rel. Murray* v. *Justices*, etc. (74 N. Y. 406), decided in 1878, the relator was convicted, by the Court of Special Sessions of the City of New York without a jury, of the misdemeanor of assault and battery of which that court had jurisdiction by statute. Courts of Special Sessions have existed in this State since 1744 and have exercised their jurisdiction under the Colonial and State governments without a jury until the year 1824 when provision was made for such courts outside the city of New York for a jury of six. We held that the provision of article 1, section 2, providing for trial by jury " in all cases in which it has been heretofore used " refers to a common-law jury of twelve men, and since such a jury had not been used in

Courts of Special Sessions in the city of New York at the time of the adoption of the Constitution, relator's constitutional rights had not been impaired. In *People ex rel. Comaford* v. *Dutcher* (83 N. Y. 240), decided in 1880 upon the relator's conviction of the misdemeanor of petit larceny as a first offense in the Court of Special Sessions in Dutchess county, we held that the right to a common-law jury did not exist in cases of petty offenses triable in these inferior courts. The reason for our decision in *People ex rel. Cosgriff* v. *Craig* (195 N. Y. 190), decided in 1909 and holding that the Police Court of the city of Rochester was without jurisdiction to try for the crime of petit larceny as a second offense is based upon the fact that that crime is an aggravated offense, somewhat analogous to a felony and punishable by imprisonment for a longer term than a petty misdemeanor. In *People* v. *Kaminsky* (208 N. Y. 389), decided in 1913, this court held that larceny from the person, when committed by a child under the age of sixteen years is only a misdemeanor, is triable without a jury by the Court of Special Sessions of the City of New York, pursuant to the jurisdiction conferred by article 6, section 23, of the Constitution, and we cited the *Comaford* and *Cosgriff* cases as authority. Since the rendition of those decisions, the provisions of article 6, section 23, have been substantially incorporated in article 6, section 18, effective January 1, 1926, so that this section now reads in part as follows: " Courts of Special Sessions and inferior local courts of similar character shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law, and the Legislature may authorize them to try such offenses without a jury." Prior to the adoption of section 18 in its present form, the Legislature, by chapter 659, section 31, subdivision 4, Laws of 1910, had authorized, indeed had commanded, the Court of Special Sessions of the City of New York to conduct all its trials without jury. The prospective provision in article 6,

section 18, of the Constitution conferring legislative power to authorize trials without a jury includes the anterior exercise of such power by which such authority had been prescribed. (*People ex rel. Comaford* v. *Dutcher, supra.*)

The order should be affirmed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Order affirmed.