Alexander Vitale, J.
The defendant was charged with a violation of section 1142 of the Penal Law of the State of New York. The information stated that he offered to lend, give away and had in his possession, with the intent to lend and give away a certain preparation known as Emko Vaginal Foam, which may be used for the prevention of conception or purporting to be suitable for that use. The information was sworn to on May 14, 1965 and the offense is alleged to have happened at Hempstead, in this county, on May 13, 1965,
The defendant has not yet been brought to trial and in fact, has not yet pleaded to the information. In the interim, the Legislature of this State passed an amendment to said section 1142, which became a law on July 2, 1965 (L. 1965, ch. 637), with the approval of the Governor, By this amendment the statute was changed so that the proscription contained therein against distributing drugs for the prevention of conception was omitted. In other words, it appears clear that what was alleged to be a crime on May 13, was not a crime under section 1142 as amended. The defendant now claims that the information against him must be dismissed on the ground that prosecution has necessarily been abated under controlling case law.
*411 He relies primarily upon the case of People v. Oliver (1 N Y 2d 152 [1956]). In that case, a defendant who was 14 years of age at the time he was alleged to have committed a homicide, sought a dismissal of the indictment. Some years after the commission of the crime, the Legislature provided that all crimes committed by those under 15 years of age, including homicide, were to be considered acts of juvenile delinquency. The Court of Appeals, in reversing and dismissing the indictment stated: “ That the change accomplished is more fundamental than a mere reduction of punishment for a given crime, that it relieves children of 14 or less from criminal responsibility altogether, does not affect its character as a legislative mitigation of punishment. ’ ’
It will therefore be seen that the court characterized this as the amelioration of the punishment for a crime, not as a purging of the crime itself. In a footnote to this very ease the majority opinion went on to say (p. 161): ‘‘ Obviously, this is quite different from a change in law abolishing a crime, or altering its definition, where the State may prefer to retain the right to prosecute for the act previously committed in deliberate defiance of the law as it then existed. ’ ’
It is significant that in amending section 1142, the Legislature provided that the change would take effect on September 1, 1965, a matter of two months after the act was approved. The Court of Appeals restated, as recently as 1964, with approval, the doctrines that a postponement of the effective date of a statute, as in this case, is some evidence that the Legislature never intended it to be retroactive (Matter of Mulligan v. Murphy, 14 N Y 2d 223).
Therefore, the defendant’s demurrer is denied, he is directed to appear at Part I of this court, on November 5, 1965, for the purpose of pleading to the information.