George F. Roberts, J.
This defendant ¡was convicted of the crime of possession of a loaded firearm as a felony, after trial upon an indictment dated September 25, 1967, charging murder in the second degree and other includible crimes, and was thereupon sentenced, as a fourth felony offender, ,to a term of not less than 15 years nor more than his natural life. The conviction and judgment were subsequently 'affirmed on appeal and an application to vacate the same was denied, the Appellate Division declining to review that determination.
At this .stage of the proceeding, the defendant now moves to vacate such judgment, alleging: (1) that he was indicted, tried, and sentenced subsequent to the enactment of the present Penal Law, which repealed section 1942 of our former Penal Law providing for such ¡multiple offender sentence; and (2) that his life sentence, predicated on possession of a weapon, which the jury *849 impliedly found to have been used in self-defense, was grossly disproportionate to the crime committed and in conflict with the prohibition against the cruel and unusual punishment clause embodied in the Eighth Amendment to the Federal Constitution.
Subdivision 3 of section 5.05 of our present Penal Law, insofar as it applies to this case, specifically provides: ‘1 The provisions of this chapter do not apply or govern the construction of and punishment for any offense committed prior to the effective date of this chapter ”. (Sept. 1,1967.) And the Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, p. 8 [Richard Gr. Denzer and Peter McQuillan]) substantially restates that proposition. Moreover, the courts have consistently and repeatedly reiterated that position (People v. Millard, 32 A D 2d 676; People v. Pepples, 32 A D 2d 1041, affd. 27 N Y 2d 785; People ex rel. Caruth v. La Vallee, 37 A D 2d 661). There is no constitutional impediment to making a new penal law only prospective in application (People v. Millard, supra). Where there is a change in the law abolishing a crime or altering its definition, the State may prefer to retain the right to prosecute for the act previously committed in deliberate defiance of the law as it then existed (People v. Baird, 48 Misc 2d 410).
The cases cited by the defendant (People v. Monteleone, 30 A D 2d 158 and People v. Curro, 26 N Y 2d 669, dealing with the repeal of article 3-A of the Correction Law providing for the former indefinite three-year penitentiary sentence imposed for a misdemeanor, and People v. Oliver, 1 N Y 2d 152, removing the acts of children under 15 years of age from the category of crimes) are inapposite to the case at bar, since in the former cases the legislative purpose to eliminate the penitentiary sentence was absolutely clear, while in the latter there was no legislative prohibition against and sound social reasons for applying the new statute retroactively. As a matter of fact in the Oliver case (supra), the court itself specifically makes the distinction that where at the outset the retroactive application of the statute is clearly and specifically prohibited by legislation, as it does in this case, the .situation is quite different (see n. 3, p. 161).
The defendant’s second argument — that his incarceration for the designated time constituted cruel and unusual punishment, based on the nature of the conviction — completely overlooks the basis and purpose for such habitual offender statutes. 1 ‘ It should be noted at the outset * * * that the multiple offender provisions of the former Penal Law, sections 1941 and 1942 * # * were consistently held to not be violative of any constitutional rights. ¡Serious recidivism is clearly a proper *850 basis for increased penalties(People v. Mazzi, 78 Misc 2d 1014, 1016, emphasis supplied; citing Oyler v. Boles, 368 U. S. 448, 451; People v. Wilson, 13 N Y 2d .277, 281; People v. Gowasky, 244 N. Y. 451; People ex rel. Cosgriff v. Craig, 195 N. Y. 190.)
In the present case, this defendant having been previously-convicted. and sentenced on two robbery indictments in addition to another case involving a loaded pistol, and having been convicted by a jury in this case of a similar crime, and .in light of the constitutional adjudication previously cited, this court is persuaded by neither the law nor the facts that the situation in which the defendant finds himself is either constitutionally prohibited or inherently unjust.
Therefore, this application is .in all respects denied.