JACOB RUEFFER and MARCO MASCIARILLI, Individually and on Behalf of All Others Similarly Situated, Plaintiffs, *v.* DEPARTMENT OF AGRICULTURE AND MARKETS OF THE STATE OF NEW YORK, HOLTON V. NOYES, as Commissioner of the Department of Agriculture and Markets of the State of New York, and JOHN R. REIDY, as an Inspector and/or Deputy of the Department of Agriculture and Markets of the State of New York, Defendants.

Supreme Court, Special Term, Broome County, November 5, 1937.

*Harry S. Travis,* for the plaintiffs.

*John J. Bennett, Jr., Attorney-General, Henry Epstein, Solicitor-General,* and *Milo R. Kniffen, Counsel to Department of Agriculture and Markets* [*Robert G. Blabey, Assistant Counsel,* of counsel], for the defendants.

McNAUGHT, J.   The complaint, in substance, alleges that the plaintiffs are residents of the county of Broome; that each is engaged in interstate commerce in hauling coal from the State of Pennsylvania to the State of New York; that article 16-A of the Agriculture

and Markets Law, as amended by chapter 579 of the Laws of 1937, regulating the transportation and hauling of coal by motor truck, is not applicable to the plaintiffs herein as interstate carriers of coal; that the Congress of the United States has not passed any enabling act authorizing or empowering the State of New York to enact any statute, rule or regulation affecting interstate commerce in so far as it applies to the transportation and hauling of coal; that each plaintiff has been arrested, charged with violation of the aforesaid article, forced to defend himself, and appeals are now pending in each case; that the defendants threaten and seek to enforce said article 16-A against the plaintiffs and others similarly situated; that the plaintiffs and others similarly situated will suffer irreparable injury by the attempt to enforce the statute, and will be caused irreparable damage in their business; have been subjected to illegal prosecution, and are threatened with prosecution in the future.

The complaint then sets up a second alleged cause of action, in substance realleging the first cause of action, and then setting forth that section 197-j of article 16-A of the Agriculture and Markets Law, prescribing penalties for violation of such article, is unconstitutional and void, in that section 41 of the Agriculture and Markets Law specifically provides that a violation of any provision of said law shall constitute a misdemeanor, and in that said section 197-j specifically denies the right to a trial by jury.

Article 16-A of the Agriculture and Markets Law was originally added by chapter 360 of the Laws of 1933. The article was amended by chapter 546 of the Laws of 1936, particularly in reference to the transportation, weighing and certificate of origin for coal brought into the State by motor truck. The amendatory act of 1936 was attacked in the courts, but the constitutionality of its provisions was not determined. (*Connelly* v. *Department of Agriculture & Markets*, 162 Misc. 73; *Pavlick* v. *Department of Agriculture & Markets*, 164 id. 42; *Koehler* v. *Department of Agriculture & Markets*, Id. 44.)

By chapter 579 of the Laws of 1937, in effect May 23, 1937, the article was again materially amended.

In this action a careful reading of the complaint discloses that by the allegations of the pleadings the plaintiffs do not attack the validity or constitutionality of article 16-A, but base their first cause of action entirely upon the proposition that, being engaged in hauling coal from the State of Pennsylvania to the State of New York, each plaintiff is a private carrier engaged in interstate commerce, and that by virtue of the provisions of section 8 of chapter 579 of the Laws of 1937, the last sentence of which reads as follows:

" No provision of such sections shall apply or be construed to apply to foreign or interstate commerce, except in so far as the same may be effective pursuant to the United States Constitution and to the laws of the United States enacted pursuant hereto," they are exempted from the application of the act.

The second cause of action is based entirely upon the ground that the provision in relation to the enforcement of penalties is unconstitutional and void, inasmuch as any Court of Special Sessions or any Police Court is vested with jurisdiction to try without a jury, convict and sentence any person charged with violating any provisions of the article.

The only allegation of the complaint that can possibly be construed as attacking the constitutionality of article 16-A, so far as it relates to the weighing of coal brought into the State of New York by motor truck or the certificate of origin for coal brought into the State by motor truck, is to be found in the eighth paragraph of the complaint, which alleges that the Congress of the United States has not passed any so-called enabling act authorizing or empowering the State of New York to enact any statute, rule or regulation affecting interstate commerce in so far as it applies to the transportation and hauling of coal.

It is well settled that it is the duty of the courts to uphold a statute enacted by the legislative branch of the government as constitutional if it is possible to do so without disregarding the plain command or neccessary implication of the fundamental law. ( *New York Central & H. R. R. R. Co.* v. *Williams,* 199 N. Y. 108, 127.) The presumption is in favor of constitutionality. ( *People ex rel. Henderson* v. *Supervisors,* 147 N. Y. 1, 15; *New York Central & H. R. R. R. Co.* v. *Williams, supra; People ex rel. Simon* v. *Bradley,* 207 N. Y. 592, 610; *People* v. *Crane,* 214 id. 154, 172.)

It is too well settled to require the citation of authority that courts are not to anticipate and decide questions of constitutionality in advance of the necessity of decision.

Whether a statute attacked is applicable to a party, and whether, if applicable, it violates his constitutional rights, are matters which should not be determined upon affidavits. The validity and effect of a statute and its application should only be determined when the true facts have been ascertained after a trial. ( *City of Hammond* v. *Schappi Bus Line, Inc.,* 275 U. S. 164; 48 S. Ct. 66; *Borden's Farm Products Co., Inc.,* v. *Baldwin,* 293 U. S. 194, 210; 55 S. Ct. 187, 192; *Elk Street Market Corporation* v. *Rothenberg,* 233 App. Div. 243, 247; *Ten Eyck* v. *Lombard,* 247 id. 439.)

The exercise of police power by the legislative branch of the government must have some relation to necessity for the protection

of the public health, comfort or safety, and rights of property may not be invaded under guise of such regulation when it is manifest such is not its real object. (*People* v. *Gillson*, 109 N. Y. 389; *People* v. *Griswold*, 213 id. 92.)

Transportation from one State to another is interstate commerce. State laws do not attach to transportation in interstate commerce until the product reaches its destination within the State. (*People* v. *Buffalo Fish Co.*, 164 N. Y. 93; *People* v. *Bootman*, 180 id. 1; *People* v. *Fargo*, 137 App. Div. 727.)

States cannot arbitrarily interfere with private business, prohibit or unreasonably restrict lawful occupations. (*New State Ice Co.* v. *Liebmann*, 285 U. S. 262; 52 S. Ct. 371.)

The State cannot fetter the right to carry on interstate commerce within its borders by the imposition of unnecessary and unreasonable conditions or regulations. (*Michigan Public Utilities Commission* v. *Duke*, 266 U. S. 570; 45 S. Ct. 191.)

Pleadings, under our liberalized system, " must be liberally construed with a view to substantial justice between the parties." (Civ. Prac. Act, § 275.) A complaint, when challenged for insufficiency, is to be liberally construed, and the general rule is that the pleader is to be deemed to have alleged not only the facts set forth, but those also to be implied by reasonable and fair intendment. (*Peterson* v. *Eighmie*, 175 App. Div. 113, 115.) Averments which sufficiently point out the pleader's claims are sufficient if under them he would be required to give the necessary evidence to establish his cause of action. (*Coatsworth* v. *Lehigh Valley R. Co.*, 156 N. Y. 451, 457.) If a complaint, giving to the language used and the allegations of the pleading as liberal a construction as it will reasonably bear, " states facts showing that a remediable wrong of a civil nature of some kind has been done him, and that some form and measure of judicial redress is due him, it states a cause of action." (*Walrath* v. *Hanover Fire Ins. Co.*, 216 N. Y. 220, 224, 225.) The allegations of a complaint may be construed liberally, and at times the form of relief sought may be disregarded, if the essential elements of a right to relief exist. (*Quintal* v. *Kellner*, 264 N. Y. 32, 39.)

The provisions of article 16-A of the Agriculture and Markets Law, relative to the transportation of coal by motor truck, with the many restrictions, regulations and conditions attached to such transportation, reasonably justify adjudication as to whether such provisions exceed the legislative power.

We are urged to consider many facts set forth in the affidavits submitted by the defendants relating to transportation of coal by motor truck. We are asked to consider the purpose of the legisla-

tion as intended to prevent the transportation and distribution within the State of New York of " stolen coal." It is a well-known and well-recognized fact that economic conditions have resulted in the creation of a deplorable condition in the coal fields of the State of Pennsylvania. We have no doubt of the accuracy of the statements relative to trespassers upon property of the owners of coal mines removing therefrom quantities of coal without legal right and in defiance of the law. It is not the function of our courts to instruct the authorities of the State of Pennsylvania, and it is not within the power of our Legislature to dispose of troublesome situations involving criminal responsibility within the sovereign State of Pennsylvania.

We are not deeply impressed with the affidavits of officers of associations of retail coal dealers, known generally as " regular dealers," which tend to convey the impression that the greater part of the coal transported by motor truck is " stolen." The transportation of many products by motor truck has developed and grown to large proportions. The fact that a product is transported by motor truck in no manner warrants the conclusion that it is stolen property. Dairy products, fruit, vegetables and all classes of merchandise are regularly transported by motor truck in a perfectly legitimate and honest business, and we have no doubt the same is true of coal. In fact, we are confirmed in this conclusion by the affidavit submitted in behalf of the defendants, made by one Norman F. Patton, who sets forth that he made surveys for the Anthracite Institute as to the trucking of anthracite from the Commonwealth of Pennsylvania into the State of New York, particularly with regard to the trucking of " bootleg " anthracite. The affidavit sets forth at considerable length the duties performed by the affiant, the method in which his surveys were made, and the computations and estimates made by him as to the quantity and distribution of anthracite transported by motor truck from points in the State of Pennsylvania to points in the State of New York. Made a part of the affidavit are certain tables entitled " The Distribution of Trucked Anthracite in New York State," based on the surveys made by the affiant and under his direction. The tables so made a part of the affidavit set forth that the estimated annual tonnage for the year 1935 of trucked anthracite in fifty-four counties of the State of New York outside of the Metropolitan New York area was — *legitimate, 607,900 tons; stolen, 59,200 tons.* The distribution of such trucked anthracite in the various counties throughout up-State New York is then computed and set forth in a table made a part of the affidavit. Such table sets forth that in the county of Broome *legitimate trucked anthracite was computed at 117,700 tons, and stolen anthracite at 3,700 tons.*

We advert to these facts, not as relevant to the questions before us for determination, but to the end that it may be clearly apparent that the sole purpose of the enactment in question is not the elimination of the distribution of stolen trucked anthracite, but that it likewise includes an attempt, through legislative enactment, to harass, annoy and restrict honest transporters of anthracite by motor truck, as well as prevent the distribution of stolen coal.

Applying the liberal rules of pleading now in effect, we cannot construe the complaint as even by fair intendment attacking the constitutionality of article 16-A, so far as it relates to the transportation of coal by motor truck. The language of the eighth paragraph of the complaint cannot justify the construction that it is an allegation of unconstitutionality.

The plaintiffs, in effect, in their first cause of action, state that the statute exists; that it provides certain rules and regulations governing the transportation and hauling of coal by motor truck; that it contains an exemption; that the plaintiffs are within the exemption and are not subject to the provisions of the statute. The allegations are denied by the answer. The issue thus joined creates an issue of fact. The issue of fact is, are the plaintiffs engaged in interstate commerce in hauling coal from the State of Pennsylvania to the State of New York? If so, and the court so finds upon a determination after proof, the question of law will arise, are the plaintiffs, therefore, exempt under the provisions of section 8 of chapter 579 of the Laws of 1937? Such issues cannot be determined upon affidavits.

If the plaintiffs are transporting by motor truck coal from the State of Pennsylvania to the State of New York for delivery direct to consumers upon arrival, the regulations in regard to weight might well be held just and reasonable, if the product has come to rest and the law of the State can apply. If the transportation by the plaintiffs is for a dealer who resells in small lots or for their own yards and distribution in small lots, it may well be held that the statute has no application, and if it is sought to apply the same to plaintiffs it would be void. The complaint does not advise or enlighten us.

We are of the opinion, however, that there is a cause of action alleged in that the plaintiffs contend, and the language of the complaint may be fairly construed as meaning, that because of the manner in which they are engaged in the transportation of coal, the provisions of article 16-A are not applicable to them. Issue upon this question has been joined. The plaintiffs are entitled to a trial of the issue. This issue can be promptly tried. A Trial Term is scheduled to commence in the county of Broome

on the first Monday of January, 1938. Under the circumstances, we are of the opinion a temporary injunction should not issue.

The second cause of action alleged by the plaintiffs attacks the constitutionality of the provisions of section 197-j of article 16-A of the Agriculture and Markets Law, relating to vesting in Courts of Special Sessions or Police Courts jurisdiction to try charges of violations without a jury. This question in no manner involves disputed facts. The provision of article III, section 2, subdivision 3, of the United States Constitution, providing for trial of all crimes, except in cases of impeachment, by a jury, refers only to the trial of charges of crime in Federal courts. It is not intended to be applied to trials in State courts. (*Eilenbecker* v. *Plymouth County*, 134 U. S. 31; *Schick* v. *United States*, 195 id. 65; *Matter of Cooley* v. *Wilder*, 234 App. Div. 256.)

The fact that the right to trial by a jury secured by the Federal Constitution does not extend to every criminal proceeding has been recently discussed. (*District of Columbia* v. *Clawans*, 300 U.' S. 617; 57 S. Ct. 660.)

The Constitution of the State of New York (Art. VI, § 18) provides that Courts of Special Sessions and inferior local courts of similar character shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law, and the Legislature may authorize them to try such offenses without a jury. This present provision was adopted by a vote of the people November 3, 1925, and became effective January 1, 1926.

The constitutional provision for a jury trial in the State Constitution (Art. I, § 2) refers to a common-law jury of twelve. It does not refer to a statutory jury or a jury in cases of misdemeanors so designated by statute, and the penalty for which is prescribed by the statute. (*People ex rel. Comaford* v. *Dutcher*, 83 N. Y. 240; *People ex rel. Cosgriff* v. *Craig*, 195 id. 190, 196; *People* v. *Cosmo*, 205 id. 91; *People ex rel. Frank* v. *McCann*, 253 id. 221; *People* v. *Bellinger*, 269 id. 265; *People ex rel. Kipnis* v. *McCann*, 199 App. Div. 30; *Matter of Cooley* v. *Wilder, supra; People* v. *Harding*, 115 Misc. 298.)

The second cause of action set forth in the complaint fails to state facts sufficient to constitute a cause of action, and in relation thereto the motion upon the pleadings to dismiss said second cause of action is granted.

Motion by plaintiffs for injunction *pendente lite* denied.

Motion by defendants for judgment upon the pleadings — motion as to the first cause of action denied; motion as to the second cause of action granted.

No costs. Submit orders accordingly.