JACOB RUEFFER and MARCO MASCIARILLI, Individually and on
Behalf of All Others Similarly Situated, Plaintiffs, *v.* DEPARTMENT
OF AGRICULTURE AND MARKETS OF THE STATE OF NEW YORK,
HOLTON V. NOYES, as Commissioner of the Department of Agri-
culture and Markets of the State of New York, and JOHN R.
REIDY, as an Inspector and/or Deputy of the Department of
Agriculture and Markets of the State of New York, Defendants.

Supreme Court, Broome County, February 18, 1938.

*Harry S. Travis,* for the plaintiffs.

*John J. Bennett, Jr., Attorney-General, Henry Epstein, Solicitor-General,* and *Milo R. Kniffen, Counsel to the Department of Agriculture and Markets [Robert G. Blabey, Assistant Counsel,* and *Charles T. Keane, Jr., Assistant Attorney-General,* of counsel], for the defendants.

HEATH, J. The present article 16-A of the Agriculture and Markets Law went into effect the 23d day of May, 1937, by virtue of chapter 579 of the Laws of 1937. The act contains many regulatory features governing the transportation of coal or coke by trucks into the State of New York. As examples, section 197-g requires " Every driver of a motor truck bringing coal or coke into the State of New York from outside the State of New York for sale and delivery within the State " to weigh the same, and subdivision 2 of section 197-h provides that " It shall be unlawful for any person to haul, transport, purchase, sell or deliver in the State of New York, any coal brought into the State from outside the State by motor truck, except in accordance with the provisions of this section," and subdivision 4 of section 197-h requires that " Every driver of a truck bringing coal into the State of New York " to have the same weighed.

The trial disclosed that for some considerable time the plaintiffs have been engaged in transporting coal by trucks from the State of Pennsylvania to customers within the State of New York and have been arrested on different occasions in the State of New York at the instance of the defendants, charged with the violation of various sections of article 16-A. The proof disclosed that the defendant John R. Reidy had been designated by the State Department as Deputy Inspector of the Bureau of Weights and Measures; that he received no pay from the State Department, the source of his compensation being an association of so-called " regular dealers " in the city of Binghamton; and that since the 23d day of May, 1937, said Reidy had made forty-two arrests.

It was conceded upon the trial that the plaintiffs were engaged in interstate commerce at all times when they were arrested at the instance of the defendants. Each plaintiff testified that he had applied for and received from the Federal Interstate Commerce Commission a certificate authorizing him to engage in interstate commerce.

It is the claim of the defendants that the language quoted from sections 197-g and 197-h clearly demonstrate that article 16-A was intended to apply to interstate commerce. It is the claim of the plaintiffs that by virtue of section 8 of the act (Laws of 1937, chap. 579) the provisions thereof are not applicable to interstate commerce.

This court is not confronted with the question of whether or not the provisions of the act are reasonable regulations of interstate commerce. The sole question is whether or not the Legislature intended the act to be applied to interstate commerce.

Section 8, in part, reads as follows: " No provision of such sections shall apply or be construed to apply to foreign or interstate commerce, except in so far as the same may be effective pursuant to the United States Constitution and to the laws of the United States enacted pursuant hereto." It is conceded that no so-called " enabling act " has been passed by the Congress.

It is a well-established rule of statutory construction that in deciding intent and meaning, all parts of an act must be read together; a single sentence should not be torn from its place and thus stripped of its relation to the whole, independently interpreted; any construction which results in one part of a statute nullifying another shall be avoided. (*People ex rel. Mason* v. *McClave*, 99 N. Y. 83; *Painter* v. *Town Board of Oyster Bay*, 230 App. Div. 281; *Jarl Co.* v. *Village of Croton-on-Hudson*, 148 Misc. 153; *Richards* v. *Scharmann*, 97 id. 143.)

It is the claim of the defendants that if any significance be given to the quoted portion of section 8, article 16-A will be nullified and that " The thought behind the phrase proclaims itself misread when the outcome of the reading is injustice or absurdity." (*Surace* v. *Danna*, 248 N. Y. 18, 21.)

It seems clear that a reading of the quoted portions of sections 197-g and 197-h indicate an intent to apply the sections to those engaged in interstate commerce, but when one reads such language in connection with the quoted portion of section 8, it would seem that he must come to the conclusion that the Legislature intended article 16-A to apply to interstate commerce only when the Federal government had passed an " enabling act."

To say that article 16-A was intended to apply to interstate commerce even if the Congress did not pass an " enabling act " is to absolutely ignore the quoted language in section 8. To so decide would be a violation of the cardinal rule of statutory construction.

In the light of the conceded fact that no Federal " enabling act " has been passed, this court holds that " No provision of such sections shall apply or be construed to apply to foreign or interstate commerce."

The relief prayed for is granted.