THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JACOB RUEFFER, Appellant.*

County Court, Broome County, June 9, 1938.

* See *Rueffer* v. *Department of Agriculture & Markets* (254 App. Div. 388).

*Harry S. Travis*, for the appellant.

*Daniel J. McAvoy, District Attorney*, for the respondent.

MacClary, J. This appellant was arrested on June 10, 1937, on a warrant issued by Hon. William S. Richardson, City Judge of Binghamton, N. Y., charging the defendant-appellant with the crime of violation of section 197-f of the Agriculture and Markets Law of the State of New York, such warrant having been issued upon an information made by one John R. Reidy and dated that day, in and by which said informant alleged the commission of such offense on June 9, 1937, and accusing the defendant-appellant with the commission thereof.

Thereupon, and on June eleventh defendant-appellant was arraigned in the City Court of Binghamton and entered a plea of not guilty and demanded a jury trial, which was denied and the case was adjourned to June twenty-eighth for trial by the court without a jury.

On said adjourned day the defendant again demanded a jury trial, which was likewise denied on the authority of section 197-j of said law. Thereupon the case went to trial and was concluded and a decision rendered by said city judge on July 12, 1937, finding the defendant-appellant guilty of the crime as charged and he was sentenced to pay a fine of fifty dollars and, in default of payment thereof, was to be imprisoned in Broome county jail not to exceed fifty days.

From such conviction and judgment the defendant has appealed to this court alleging that in the City Court certain errors were committed by the city judge in failing to grant certain motions of the defendant before, during or at the conclusion of the trial, the defendant-appellant claiming that such errors so charged were vital and controlling and of sufficient importance for a determination by an appellate court, the claimed errors being as follows:

(1) Denial of a jury trial;

(2) That the statute which includes section 197-f of the Agriculture and Markets Law does not apply to defendant-appellant, because of the provisions of section 8 of chapter 579 of the Laws of 1937.

(3) That if said section 197-f of the Agriculture and Markets Law does apply to the defendant, it is unconstitutional and void, because it violates:

(a) The interstate commerce clause of the United States Constitution.

(b) The due process clause of the said Constitution.

(c) The police powers of the State of New York.

In the discussion of the questions raised by the defendant-appellant, for the purposes of clarity, they will be taken up in the same sequence as above stated.

(1) This question has been fully and intelligently discussed by Mr. Justice McNAUGHT of the Supreme Court in the case of *Rueffer* v. *Department of Agriculture & Markets* (164 Misc. 803), and with his opinion and conclusion on such question this court is in full accord. Accordingly this court finds and holds that the City Court of Binghamton committed no error in denying defendant's demand for a jury trial. In support of this opinion, reference is made to the case of *People ex rel. Frank* v. *McCann* (253 N. Y. 221).

(2) This is a more serious problem and involves the interpretation and construction of the statute and the legislative intent in adopting the same.

While this court is not unmindful of the decision recently rendered by Mr. Justice HEATH of the Supreme Court in the case of *Rueffer* v. *Department of Agriculture & Markets* (166 Misc. 430), yet it must be borne in mind that different courts' interpretations and constructions of statutes frequently differ. In the case before the court for decision, the defendant was convicted of a violation of a section of the Agriculture and Markets Law which is general in scope and applies to all vehicles used in the transportation of coal or coke within the State. Sections 197-g and 197-h of the same law, however, apply only to motor trucks and the operators of such trucks who bring coal and coke into the State from without the State.

If it can be said that article 16-A in its entirety does not apply to those persons who bring coal and coke into the State by motor truck, because of the provisions of section 8 of chapter 579 of the Laws of 1937, then there would be no necessity for such persons complying with any other requirements of such statute, which for a long period of time had applied and still does apply to the sale and delivery of coal and coke which is not brought into the State by motor truck and which presumably was enacted as a protection to the public who are purchasers of such merchandise.

This would be most discriminatory and unreasonable and it is inconceivable that the Legislature intended any such possibility or contingency. This would be class legislation of the rankest kind.

It certainly is class legislation and discrimination when a person who transports coal and coke from point to point within the State is compelled to comply with certain regulations and requirements pertaining to his business and equipment, while one who transports the same kind of merchandise by motor truck from without the State to a point within, is exempted from compliance therewith, and I cannot conceive of any such legislative intent, either actually or apparently existing.

The defendant was a retailer of coal, and the coal he transported by motor truck from Pennsylvania to New York was for delivery direct to the buyer consumer, and, therefore, the same regulations should apply that was conceded would apply to resident retailers who maintained local places of business and purchased their commodity at wholesale and sold the same at retail. Probably it was not intended to, nor would it apply to wholesalers who sell to retailers only, but not to the buyer consumer.

The section relied upon by the defendant as exempting him from the provisions of section 197-f reads as follows: " If any clause, sentence, paragraph or part of such sections, as amended or added, as the case may be, by this act shall for any reason be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair or invalidate the remainder thereof, but shall be confined in its operation to the clause, sentence, paragraph, or part thereof, directly involved in the controversy in which such judgment shall have been rendered. No provision of such sections shall apply or be construed to apply to foreign or interstate commerce, except in so far as the same may be effective pursuant to the United States Constitution and to the laws of the United States enacted pursuant hereto."

The above-quoted section was intended as a separability clause usual to many statutes, but included therein is a sentence which either does or does not exempt a person engaged in interstate commerce from the provisions of article 16-A of the Agriculture and Markets Law, and the defendant-appellant claims such exemption because of his having been engaged in interstate commerce.

It seems to this court that such sentence, which was added to the usual separability clause, does not mean, as interpreted by Mr. Justice HEATH, that article 16-A is not applicable to a person engaged in interstate commerce because of the absence of a Federal enabling act, but rather that it was intended to and does mean that such

article 16-A was applicable until and unless the Federal government through its appropriate legislative bodies should or did adopt some law or regulation with other or contrary provisions, in which event the Federal law or regulation would be paramount, but only to the extent that the sections of said article 16-A were affected, restricted or modified by Federal law or regulation, and that all other sections of said article 16-A not so restricted, modified or affected would still be valid, effective and enforcible. Inasmuch as sections 197-g and 197-h apparently were intended to apply in cases where coal or coke was brought into the State by motor truck, this court is led to the conclusion that the other sections of article 16-A were of general application and that was the intent of the Legislature when such article 16-A was enacted.

This defendant-appellant is a resident of the State of New York and the equipment which he uses should comply with all the provisions of the laws of the State relating to such kind of equipment. It is really the kind and character of his equipment that is in violation of section 197-f, the specific charge being that he failed to have his truck lettered in accordance with the requirements of such section. His was a truck owned in and I assume licensed by the State of New York.

While it may be assumed that at the time of the alleged violation the truck was being used in interstate commerce, yet this court is of the opinion that the statute in question applied to him regardless of the claim of exemption under section 8 of chapter 579 of the Laws of 1937, and I so hold and find.

If section 197-f imposed any other or different requirements on those persons engaged in the transportation of coal or coke which was brought into the State by motor truck, than on those engaged in a similar business within the State, then it could be said that the first-mentioned class were being discriminated against and the free flow of commerce impeded or obstructed, but when each of such classes of persons is equally governed no discrimination exists and no legal impediment is placed upon the free ingress and egress of such persons in the usual conduct of their business.

(3) Having found and decided that section 197-f does apply to this defendant-appellant, regardless of the fact that he was engaged in a business in which interstate commerce was indirectly or incidentally effected, we must now decide the other point raised by the defendant-appellant, viz.:

(a) As has been previously intimated herein, this court does not believe that article 16-A of the Agriculture and Markets Law violates the interstate commerce clause of the United States

Constitution, as there is nothing therein which interferes with or impedes the free flow of commerce, which I believe is really the test to be applied.

(b) Neither does this court believe that such statute violates the due process clause of the United States Constitution, for it is general in application, affecting the rights of all alike and imposing the same duties and obligations on all who are engaged in transporting coal and coke by motor truck either intrastate or interstate.

(c) Article 16-A was enacted as a protective measure for the benefit of the coal and coke-purchasing public, and while interstate commerce may be indirectly or incidentally involved or concerned, yet the State had the right under its police power to pass reasonable inspection laws in the exercise of such powers and for the protection of its People, especially when no Federal law or regulation had superseded or taken away that right. It is the belief of this court that section 197-f of article 16-A of the Agriculture and Markets Law applied to this defendant, and that said law was and is constitutional, applicable, effective and binding upon him.

This opinion is strengthened and fortified by a long line of cases on the subject, among which are cited the following: *Boston & Maine R. R. Co.* v. *Armburg* (285 U. S. 234); *Hudson River Regulating District* v. *F., J. & G. R. R.* (223 App. Div. 358); *Sprales* v. *Binford* (286 U. S. 374); *Duncan* v. *Missouri* (152 id. 377); *Caldwell* v. *Texas* (137 id. 692); *People ex rel. Cosgrif* v. *Craig* (195 N. Y. 190); *People ex rel. Borowiak* v. *Hunt* (157 App. Div. 848); *Mintz* v. *Baldwin* (289 U. S. 346); *Patapsco Guano Co.* v. *North Carolina Board of Agriculture* (171 id. 345).

The conviction and judgment of the City Court should be and the same hereby is affirmed and an order to that effect may be made and filed accordingly.