THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ENGLEBERT J. DOBBERTIN, Appellant.

County Court, Yates County, February 23, 1951.

*Paul Reed Taylor* for appellant.

*John K. Barden, Village Attorney,* for respondent.

McCann, J. This is an appeal from a judgment of the Police Court of the Village of Penn Yan, New York, dated July 8, 1950, Penn Yan, N. Y., convicting the defendant of violation of an ordinance of that village prohibiting operation of a motor vehicle at a rate of speed in excess of twenty-five miles per hour, before Ralph Goundry, Police Justice of said village. Several grounds for reversal are asserted which have been ably briefed by the defendant's attorney. The information alleged that the defendant operated a motor vehicle at a rate of speed in excess of twenty-five miles per hour, to wit, at the rate of fifty-eight miles per hour on Clinton Street in violation of section 28 of the village ordinance of Penn Yan.

We will consider the appellant's grounds for reversal in the order raised by his attorney.

1. The question of jurisdiction of the Village Police Justice? Appellant questions the jurisdiction of the Police Justice of the Village of Penn Yan because the ordinance does not define the violation as either a misdemeanor or disorderly conduct. The answer to this point is found in section 180 of the Village Law which confers jurisdiction on the Village Police Justice to hear, try and determine charges of violations of village ordinances. The Police Justice did have jurisdiction to hear, try and determine the case.

2. Appellant next raises the question of whether or not the State Traffic Commission has permitted a greater speed on the

street where the alleged excessive speeding took place? He cites as his authority the case of *People* v. *Smith* (299 N. Y. 707, affg. 192 Misc. 965). After reading this case we are unable to find where it applies to the one under consideration. The *Smith* case had to do with a violation of subdivision 3 of section 56 of the Vehicle and Traffic Law, and not of a city or village ordinance. Subdivision 3 of section 56 of the Vehicle and Traffic Law reads as follows: "A rate of speed by a motor vehicle or motor cycle on any public highway in excess of fifty miles an hour for a distance of one-fourth of a mile, except where a greater speed is permitted by the state traffic commission, shall be unlawful." It contains an " exception." Section 28 of the village ordinance does not contain such an exception which the People were bound to show by pleading and by proof.

3. Appellant raises the point that he was denied a jury trial. This question seems to be answered in the opinion of the Supreme Court Justice McNAUGHT in *Rueffer* v. *Department of Agric. & Markets* (164 Misc. 803, 810), where he states, " The constitutional provision for a jury trial in the State Constitution (Art. I, § 2) refers to a common-law jury of twelve. It does not refer to a statutory jury or a jury in cases of misdemeanors so designated ". And Court of Appeals Judge DYE in *People* v. *Wallens* (297 N. Y. 57, 60) said: " It is true that the constitutional guarantee of a right to a trial by jury does not extend to petty offenses tried before a court of special sessions. (N. Y. Const., art. 1, § 2 * * *)". Thus it would seem that no error was committed by the Police Court Justice in refusing to grant this appellant a jury trial.

4. The appellant contends that the village has failed to comply with section 54 of the Vehicle and Traffic Law which requires the erection of signs, and prescribes where they shall be erected, as well as the maximum and minimum height, together with the height of the lettering thereon. On direct examination the commissioner of streets of the Village of Penn Yan testified to the erection of the signs and of the size of the lettering thereon. His testimony is undisputed as to their being placed on each *main* public highway entering the village as prescribed by statute. It would therefore seem to this court that section 54 of the Vehicle and Traffic Law has been complied with.

After a careful reading of the testimony and an examination of the law applicable thereto this court feels the conviction of the appellant-defendant should be and is affirmed.